IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| THOMAS RAY HARRIS, JR., doing business as Sporting Arms Company | § § § | |
| Petitioner, | § § | |
| v. | § § | Civil Action No. 4:24-cv-00737 |
| KRISSY Y. CARLSON, in her Official Capacity as Director of Industry Operations, Dallas Field Division, Bureau of Alcohol, Tobacco, Firearms and Explosives | § § § § § § | |
| Respondent. | § | |

**RESPONDENT KRISSY CARLSON'S
ANSWER TO PLAINTIFF'S ORIGINAL COMPLAINT**

COMES NOW, Krissy Y. Carlson, in her official capacity as Director of Industry Operations, Dallas Field Division, Bureau of Alcohol, Tobacco, Firearms and Explosives ("ATF"), and hereby files Original Answer to Plaintiff's Petition for De Novo Judicial Review ("Petition"), and would respectfully show the Court as follows:

1. Paragraph 1 of the Petition constitutes a characterization of the complaint to which no response is required. To the extent a response is required, Paragraph 1 is admitted.

**RESPONSE TO JURISDICTION AND VENUE**

2. Paragraph 2 of the Petition states a legal conclusion to which no response is required. To the extent a response is required, Paragraph 2 is admitted.

3. Paragraph 3 of the Petition states a legal conclusion to which no response is required. To the extent a response is required, the United States denies Petitioner is entitled to any relief.

4. Paragraph 4 of the Petition states a conclusion of either law or jurisdiction to which no response is required. To the extent a response is required, Paragraph 4 is admitted.

**RESPONSE TO PARTIES**

5. Respondent admits that Petitioner held Federal firearms license number 5-75-121-01-4F-40453 from 1994 until the license was revoked on June 18, 2024. Respondent admits to all remaining allegations in Paragraph 5 of the Petition.

6. Paragraph 6 of the Petition is admitted.

**RESPONSE TO STATEMENT OF FACTS**

7. As to the allegations in Paragraph 7 of the Petition, Respondent admits only that the Petition concerns ATF's revocation of Petitioner's Federal firearms license and denial of his renewal application. Respondent denies all remaining allegations contained in Paragraph 7 of Petitioner's Petition.

8. Paragraph 8 of the Petition is admitted.

9. As to the allegations in Paragraph 9 of the Petition, Respondent admits only that Petitioner offered a letter from Corey Staub and a declaration from Slade Turner in support of his defense at the February 27, 2024 revocation hearing and refers Petitioner to those documents and the transcript of proceedings. Respondent is without knowledge or sufficient information to admit or deny all remaining allegations in Paragraph 9 of the Petition.

10. Respondent is without sufficient knowledge or information to admit or deny the allegations contained in Paragraph 10 of the Petition.

11. As to the allegations in Paragraph 11 of the Petition, Respondent admits only that Petitioner offered at the February 27, 2024 revocation hearing 1) a record from Denton County, dated December 14, 2021, that indicated Chris Remley and Lane Koroly obtained business

registration documentation for Elevated Firearms and 2) a rental agreement, dated December 30, 2021, between Petitioner and Remley and Koroly for apportioned property located at Petitioner's business premises. Respondent is without sufficient knowledge or information to admit or deny the remaining allegations contained in Paragraph 11 of the Petition.

12. As to the allegations in Paragraph 12 of the Petition, Respondent admits only that Petitioner transferred numerous firearms to Remley between October 2021 and January 2022, 46 of which were discussed at the February 27, 2024 revocation hearing, and that Remley completed at least 10 ATF Forms 4473 falsely stating on the forms that he was the true purchaser/transferee. Respondent denies all remaining allegations contained in Paragraph 12 of the Petition.

13. Respondent denies the allegations of Paragraph 13 of the Petition.

14. As to the allegations in Paragraph 14 of the Petition, Respondent admits that Remley admitted to selling approximately 62 firearms for profit from October 2021 through January 2022, including firearms obtained from Petitioner; that Korloy admitted to selling approximately 118 firearms for profit from March 2021 through September 2021, including firearms obtained from Petitioner; and that Remley and Koroly made these sales without having a Federal firearms license. Respondent denies all remaining allegations in Paragraph 14 of the Petition.

15. As to the allegations in Paragraph 15 of the petition, Respondent admits only that Remley and Koroly conducted most of these sales at gun shows. Respondent denies all remaining allegations in Paragraph 15 of the Petition.

16. As to the allegations in Paragraph 16 of the Petition, Respondent admits only that Staub and Turner made the statements quoted in Paragraph 16 of the Petition and refers Plaintiff to those documents and the transcript of proceedings.

17. Paragraph 17 of the Petition is admitted.

18. Respondent admits Remley's factual basis contains the language quoted in Paragraph 18 of the Petition.

19. Respondent denies that Paragraph 19 accurately quotes the language contained in Koroly's factual basis.

20. As to the allegations in Paragraph 20 of the Petition, Respondent admits only that ATF agents conducted proffer interviews of Koroly in October 2022 and Remley in October 2022 and April 2023. Respondent denies all remaining allegations in Paragraph 20 of the Petition.

21. Respondent admits only that Paragraph 21 of the Petition accurately quotes the Notice to Revoke or Suspend License and/or Impose a Civil Fine ("Notice to Revoke"). Respondent denies all remaining allegations in Paragraph 21 of the Petition.

22. Paragraph 22 of the Petition states a legal conclusion to which no response is required.

23. As to the allegations in Paragraph 23 of the Petition, Respondent admits only to the first, second, and third sentences of Paragraph 23. Respondent denies all remaining allegations in Paragraph 23 of the Petition.

24. Respondent denies the allegations in Paragraph 24 of the Petition.

25. Paragraph 25 of the Petition states a legal conclusion to which no response is required.

26. As to the allegations in Paragraph 26 of the Petition, Respondent admits only to the first and second sentence of Paragraph 26. Respondent denies all remaining allegations in Paragraph 26 of the Petition.

27. Respondent denies the allegations in Paragraph 27 of the Petition.

28. Respondent denies the allegations contained in Paragraph 28 of the Petition.

29. As to the allegations in Paragraph 29 of the Petition, Respondent admits that DIO Carlson revoked Petitioner's license and denied his renewal application. The remaining allegations in Paragraph 29 constitute Petitioner's characterization of the Final a Notice of Revocation of Firearms License ("Final Notice"), to which no response is required. Respondent refers Plaintiff to the Final Notice.

30. Paragraph 30 states a legal conclusion to which no response is required.

## RESPONSE TO CLAIMS FOR RELIEF

### COUNT I
### DE NOVO REVIEW
### 18 U.S.C. § 923(f)

31. Respondent incorporates its responses to paragraphs 1 through 30 as if fully set forth herein.

32. Paragraph 32 states a legal conclusion to which no response is required.

33. Paragraph 33 constitutes a characterization of the Petition to which no response is required.

34. Respondent denies all allegations contained in Paragraph 34 of the Petition.

35. Paragraph 35 states a legal conclusion to which no response is required.

36. As to the allegations in Paragraph 36 of the Petition, Respondent admits only that the notice stated, "On 10 occasions, [Petitioner] willfully aided and abetted a non-licensee in dealing firearms without a license, in violation of 18 U.S.C. § 922(a)(1)(A)." Respondent denies all remaining allegations contained in Paragraph 36 of the Petition.

37. As to the allegations in Paragraph 37 of the Petition, Respondent admits only that the notice stated, "On 46 occasions, [Petitioner] willfully made a false statement or representation

with respect to information required by the GCA, in violation of 18 U.S.C. § 922(m) and 27 C.F.R. § 478.128(c)." Respondent denies all remaining allegations contained in Paragraph 37 of the Petition.

38. Respondent denies the allegations contained in Paragraph 38 of the Petition.

39. The first and second sentences of Paragraph 39 of the Petition constitute legal conclusions to which no response is required. Respondent denies all remaining allegations contained in Paragraph 39 of the Petition.

40. Paragraph 40 constitutes legal conclusions to which no response is required. To the extent a response is required, Respondent denies Petitioner's assertion that ATF's findings and conclusions were based solely on unreliable hearsay statements and that it would be inappropriate for this Court to give any weight to the administrative proceedings.

41. Paragraph 41 constitutes legal argument to which no response is required. To the extent a response is required, Respondent denies Petitioner is entitled to discovery or that an evidentiary hearing is necessary or appropriate for the resolution of the Petition.

42. Paragraph 42 constitutes a request for relief. Respondent denies that Plaintiff is entitled to any such relief.

### RESPONSE TO COUNT II
### ATTORNEY'S FEES

43. Respondent incorporates its responses to paragraphs 1 through 30 as if fully set forth herein.

44. The first sentence of Paragraph 44 constitutes a legal conclusion to which no response is required. Respondent denies the remaining allegations in Paragraph 44 of the Petition.

45. The first sentence of Paragraph 45 constitutes a legal conclusion to which no response is required. Respondent denies the remaining allegations in Paragraph 45 of the Petition.

## RESPONSE TO PRAYER FOR RELIEF

The last paragraph constitutes Petitioner's prayer for relief. Respondent denies Petitioner is entitled to any such relief.

Respectfully submitted,

DAMIEN M. DIGGS
United States Attorney
Eastern District of Texas

/s/ *James G. Gillingham*
JAMES G. GILLINGHAM
Assistant United States Attorney
Texas Bar #24065295
110 N. College Street; Suite 700
Tyler, Texas 75702
James.Gillingham@usdoj.gov
Telephone: (903) 590-1400
Facsimile: (903) 590-1436

**ATTORNEY FOR RESPONDENT**

## **CERTIFICATE OF SERVICE**

      I hereby certify that on October 30, 2024, a true and correct copy of the foregoing document was filed electronically with the court and has been sent to counsel of record via the court's electronic filing system.

                          /s/ *James G. Gillingham*
                          JAMES G. GILLINGHAM