IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN

| | |
|---|---|
| **THOMAS ROY HARRIS, JR.,** doing business as **SPORTING ARMS COMPANY,**<br><br>Petitioner,<br><br>v.<br><br>**KRISSY Y. CARLSON,** in her official capacity as Director of Industry Operations, Dallas Field Division, Bureau of Alcohol, Tobacco, Firearms and Explosives,<br><br>Respondent. | Case No. 4:24-cv-00737-SDJ |

RESPONSE OF THE RESPONDENT
TO MOTION TO DEFER SUMMARY JUDGMENT
PROCEEDINGS OR, IN THE ALTERNATIVE, FOR EXTENSION OF TIME

Comes now the Respondent, Krissy Y. Carlson, and files this response to the Motion to Defer Summary Judgment Proceedings or, in the Alternative, for Extension of Time, Dkt. 11.

**INTRODUCTION**

The ultimate question before this Court is whether the Respondent was authorized to revoke the Petitioner's Federal Firearms License ("FFL"). Although this Court makes that determination *de novo*, this is not ordinary civil litigation where the parties engage in protracted discovery before the Court proceeds to enter judgment. The statute governing revocation and the Fifth Circuit's precedent is clear that this Court can make its decision based on the Administrative Record alone and in this case it should. The Administrative Record here is

considerable and provides the Court with all the information it needs to determine whether the Respondent was authorized to revoke the FFL. There is no need for discovery or to defer consideration of the Respondent's Motion for Summary Judgment.

With respect the Petitioner's request for alternative relief—an extension of time for the Petitioner to file a response to the Respondent's Motion for Summary Judgment, the Respondent is not opposed. However, rather than the 14-day extension requested, the Respondent ask that the deadline for the Response be no later than January 3, 2025, and that the Respondent's deadline for its Reply shall be no later than January 10, 2025.

## **FACTUAL BACKGROUND**

On November 19, 2024, the Respondent filed a Motion for Summary Judgment. Dkt. 10. That motion lays out in greater detail the facts of this case. The Respondent provides here only an abbreviated version necessary to resolve the present motion.

On June 18, 2024, the Bureau of Alcohol, Tobacco, Firearms, and Explosives ("ATF") issued to the Petitioner a Final Notice of Denial of Application, Revocation, Suspension and/or Fine of Firearms License. The revocation is grounded in the Petitioner's sale, beginning in 2021, of firearms to Chris Remley and Lane Koroly. Remley and Koroly resold the weapons purchased from the Petitioner without a license to do so. The ATF alleged (and the Respondent agreed) that the Petitioner made these sales knowing Remley and Koroly intended the firearms for resale.

Remley and Koroly were convicted in this Court for engaging in the business of dealing in firearms without a license in violation of 18 U.S.C. § 921(a)(1)(A) after pleading guilty, on December 18, 2023, and September 27, 2023, respectively. *See United States v. Remley*, No. 4:23- cr-263 (E.D. Tex.); *United States v. Koroly*, No. 4:23-cr-221 (E.D. Tex.). Koroly was

sentenced by this Court to 60 months' probation. 4:23-cr-221, Dkt. 23. Remley's sentencing hearing is currently scheduled for February 2025. 4:23-cr-263, Dkt. 24.

As part of their conviction, Remley and Koroly each signed a Factual Basis in which they each stated that "any firearms that were purchased from [Petitioner] were done so with Harris full knowledge that they would be resold for profit and that I was not the true purchaser/transferee. With [Petitioner's] full knowledge and aid, I would falsely state on the 4473 that I was the true purchaser/transferee." CAR at 14 (Remley) and 16 (Koroly). Both Remley and Koroly signed their Factual Basis and acknowledged that each "fully understand[s] the contents of it and agree without reservation that it accurately describes the events and my acts." *Id*. at 15 & 17. Each Basis was also signed by counsel who acknowledged that "[b]ased upon my discussions with the defendant, I am satisfied that the defendant understands it."

In June 2023, ATF issued a notice that it intended to revoke the Petitioner's FFL. The Petitioner timely requested a hearing, and the hearing was held (with Respondent serving as hearing officer) on February 27, 2024. The Petitioner was represented by counsel at the hearing.

At the hearing, the Petitioner was advised that "if there's something you'd like to say or put on the record, this is your chance. Anything you think that'd be helpful for the Director of the Industry of Operations to make her decision and determination, this is your forum. Do not hold anything back. You need to put it on the record." *Id*. at 313 (Transcript of the Hearing). In that spirit, the Petitioner introduced 18 exhibits.[1] The Petitioner also testified through an examination by his counsel, and counsel for the Petitioner also called a witness on his behalf. At the conclusion of the hearing, the Respondent announced that the record would remain open for one week for the Petitioner to provide any written submissions.

---

[1] The Petitioner's Exhibits were numbered 1 through 19 but there was no Exhibit 11.

On June 18, 2024, the Respondent issued her written decision revoking the Petitioner's FFL. In the decision, the Respondent set forth her findings. Among other things, she specifically found that "[Petitioner's] statements and documents presented in attempting to explain his interactions with REMLEY and KOROLY lack credibility. . . . Licensee's extensive knowledge of the firearms business demonstrated through his own statements accentuates his implausible assertion that REMLEY and KOROLY took advantage of an elderly, disabled individual." *Id*. at 567. The Respondent than concluded that the Petitioner "had knowledge of his legal obligations, . . . failed to comply with his legal obligations under the [Gun Control Act "GCA"], . . . acted with plain indifference and/or purposeful disregard, . . . and willfully violated the GCA." *Id*.

On August 15, 2024, the Petitioner filed in this court a Petition for De Novo Judicial Review of the Final Notice of Revocation. Dkt. 1. On November 8, 2024, the Respondent produced a Certified Administrative Record. The Certified Administrative Record (totaling more than 500 pages) includes:

- The 5 exhibits produced by the ATF including:
    - The Factual Bases filed by Remley and Koroly.
    - Three Reports of Investigation prepared by the ATF. Two of these reports are summaries of the proffer interviews of Remley and Koroly conducted by the ATF.
- The 18 exhibits produced by the Petitioner including:
    - Summary and analyses of records.
    - Bank records and receipts.
    - A timeline of events.

- - o  Ophthalmological records for the Petitioner.
- Addition materials submitted by the Petitioner after the hearing.
- A transcript of the hearing.
- The written decision of the Respondent revoking the Petitioner's FFL.

On November 19, the Respondent filed a Motion for Summary Judgment in which she argued that "there is no need for the parties to engage in discovery for this Court to conduct its de novo review. The CAR contains all evidence necessary for this Court to determine that Respondent was authorized to revoke Petitioner's FFL based on his willful violations of the GCA." Dkt. 10 at 2.

On November 22, 2024, the Respondent filed the present motion. Dkt. 11. In it, the Petitioner asks this Court to defer ruling on the Motion for Summary Judgment and permit the Petitioner to conduct discovery. Specifically, the Petitioner asks that this Court permit him to depose Remley and Koroly, *id*. at 7-9, propound written discovery to the ATF, *id*. at 9-10, and "subpoena to the Department of Justice to obtain records related to Remley's and Koroly's criminal proceedings," *id*. at 10-11.

## ARGUMENT

### I. The Motion to Defer Should be Denied.

The ultimate question before the Court is whether the Respondent was authorized to revoke the Petitioner's FFL. *Fairmont Cash Mgt., L.L.C. v. James*, 858 F.3d 356, 362 (5th Cir. 2017). In deciding that question, the Fifth Circuit has made it clear that this Court "may consider evidence not presented at the administrative hearing, *but it is within the discretion of the district court whether to do so*." *Id*. (emphasis added). Put more clearly, there is no right to discovery or an evidentiary hearing or the like and the Court can make its decision without evidence beyond

what is in the Administrative Record. This is consistent with the statutory language granting the right to a judicial hearing after an FFL is revoked which states permissively that "the court *may* consider any evidence submitted by the parties to the proceeding." 18 U.S.C. § 923(f)(3) (emphasis added). "May," of course, is different than "shall" or other compulsory language. *See Strong v. United States*, 422 F. Supp. 2d 712, 720 n. 20 (N.D. Tex. 2006) ("The word 'may,' as quoted, is permissive. *The parties do not have an automatic or absolute right to an evidentiary hearing*.") (emphasis added).

There is no need in the present case for this Court to permit discovery or to go beyond the Administrative Record. As noted above, the Administrative Record in this case is substantial. *See Fairmont Cash Management, L.L.C.*, 858 F.3d at 364 (affirming district court's denial of a motion to compel discovery where, "[t]he administrative record in this case is robust, with some hundreds of pages of testimony and exhibits"). The Respondent was permitted, in fact encouraged, to introduce evidence to support his argument. The Respondent took advantage of this opportunity and presented 18 exhibits at the hearing and additional exhibits after the hearing. The Respondent also testified through an examination by counsel. In the district court's decision in *Fairmont Cash*, the court noted that "[s]ignificantly, Cash Cow's owner also took the opportunity to testify, at length, and to admit his own documents for consideration." *Fairmont Cash MGMT., LLC v. James*, 208 F. Supp. 3d 830 (S.D. Tex. 2016), *aff'd sub nom. Fairmont Cash Mgt., L.L.C. v. James*, 858 F.3d 356 (5th Cir. 2017).

The particular discovery sought by the Petitioner is also unnecessary. As Petitioner notes, the principal discovery he seeks is a deposition of Remley and Koroly. The Petitioner's characterization of the Factual Bases signed by Remley and Koroly as "untested hearsay statements" is wrong. These statements were offered and accepted in judicial proceedings before

this Court. Remley and Koroly, represented by counsel and apprised of the consequences, signed these statements "without reservation" and acknowledged that their statements "accurately describe[] the events and my acts."

Moreover, the statements were not "untested." As the Petitioner's findings note, she evaluated Remley and Koroly's claims that Petitioner was aware they were reselling firearms against Petitioner's testimony that he was unaware. After hearing from the Petitioner examined by counsel, the Respondent did not find the Petitioner credible and explained why. CAR at 567.

The Petitioner's request to propound written discovery to the ATF is without merit. The Petitioner suggests that the audio recordings of the proffer interview are necessary in this case but gives no particular reason why such recordings would be valuable in this case and instead relies on general statements about the value of audio recordings.

The Petitioner also seeks information far afield of this case. The Petitioner seeks "instructions provided to directors of industry operations—or other officials when deciding revocation (and similar) proceedings—over recent years." Dkt. 11. In doing so, the Petitioner intimates that the revocation of his FFL could be the result of "instructions that undermine the fairness of the administrative proceedings" and that "any such instructions would compel viewing those administrative proceedings with skepticism, at best." Dkt. 11. This is unfounded speculation. There is no evidence that the hearing here was unfair. The Petitioner made no objection at the hearing or after that he was treated unfairly. The transcript of the hearing shows that the Respondent provided the Petitioner with ample opportunity to present evidence and testimony.

Finally, the Petitioner's request that he be able to issue "a subpoena to the Department of Justice to obtain records related to Remley's and Koroly's criminal proceedings subpoena" is a

meritless fishing expedition. Counsel for the Respondent has represented that neither Remley nor Koroly "receive[d] any favorable treatment from ATF" for their statement against the Petitioner. Dkt. 10. The Petitioner offers no basis for suggesting that counsel has misled this Court.

**II.     The Alternate Relief Requested Should be Granted with Modification.**

As alternative relief, the Petitioner asks this Court to grant an extension of the deadline for him to file a Response to the Motion for Summary Judgment. By the Petitioner's calculation, this would move his deadline from December 10 to December 24. Granting this extension would, in turn, move the Respondent's deadline for her Reply to December 31, 2024.

The Respondent does not oppose an extension. The Respondent requests, however, that the Court grant an extension of the Petitioner's deadline to January 3, 2025, and also order that the Respondent's deadline for her Reply be extended to January 10, 2025. This would give the Petitioner a 24-day extension and give the Respondent the benefit of not having to prepare her Reply over the week including Christmas.

Respectfully submitted,

DAMIEN M. DIGGS
UNITED STATES ATTORNEY

*/s/ James G. Gillingham*
JAMES G. GILLINGHAM
Texas State Bar No. 24065295
james.gillingham@usdoj.gov
110 N. College, Suite 700
Tyler, TX 75702
(903) 590-1400
Fax: (903) 590-1436

*Counsel for Respondent*

## CERTIFICATE OF SERVICE

I hereby certify that on December 6, 2024, a true and correct copy of the foregoing document was filed electronically with the court and has been sent to all known counsel of record via the Court's electronic filing system.

                                                                        */s/ James G. Gillingham*
                                                                        JAMES G. GILLINGHAM
                                                                        Assistant United States Attorney