IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| THOMAS ROY HARRIS, JR., doing business as SPORTING ARMS COMPANY,<br><br>Petitioner,<br><br>v.<br><br>KRISSY Y. CARLSON, in her official capacity as Director of Industry Operations, Dallas Field Division, Bureau of Alcohol, Tobacco, Firearms and Explosives,<br><br>Respondent. | Case No. 4:24-cv-00737-SDJ |

### SUR-REPLY IN FURTHER OPPOSITION TO PETITIONER'S MOTION TO DEFER SUMMARY JUDGMENT PROCEEDINGS OR, IN THE ALTERNATIVE, FOR EXTENSION OF TIME

Comes now the Respondent, Krissy Y. Carlson, and files this sur-reply in further opposition to Plaintiff's Motion to Defer Summary Judgment Proceedings or, in the Alternative, for Extension of Time, Dkt. 11.

### ARGUMENT

Though the denial of an FFL is subject to *de novo* review under 18 U.S.C. § 923(f)(3), the scope of review is limited to the single question of whether the denial was authorized by law. *Fairmont Cash Mgmt. v. James*, 858 F.3d 356, 362 (5th Cir. 2017); *Weaver v. Harris*, 486 F. App'x 503, 505 (5th Cir. 2012). Although a court has discretion to consider evidence outside the administrative record, the court is not required to hold an evidentiary hearing and "may enter

1

judgment solely based on the administrative record." *Id.* at 361–64 (affirming denial of motion to compel because no additional evidence beyond ATF's administrative record was required to rule on the government's pending motion for summary judgment) (internal citations omitted). "[A] court's *de novo* review on a denial of a firearms license 'may be confined to the administrative record or may be supplemented by the admission of additional evidence'", but "trial anew of factual matters already litigated should be avoided unless substantial doubt infects the [government's] findings of fact." *Moreno v. Bureau of Alcohol, Tobacco, Firearms, Explosives*, 113 F. Supp. 3d 916, 921–22 (E.D. Tex. 2015) (citing *Stein's Inc. v. Blumenthal*, 649 F.2d 463, 466–67 (7th Cir. 1980)).

A party requesting to defer a pending summary judgment motion in order to engage in discovery "may not rely on vague assertions but must set forth a plausible basis for believing that specified facts, susceptible of collection within a reasonable time frame, probably exist and indicate how the emergent facts, if adduced, will influence the outcome of the pending summary judgment motion." *Skiba v. Jacobs Entertainment, Inc.*, 587 F.App'x 136, 138 (5th Cir. 2014) (internal citations omitted); *see also Fairmont Cas Mgmt.*, 858 F.3d at 364; *Weaver v. Harris*, 486 F. App'x at 505–06 (denying requested discovery of internal ATF materials because requested information was "completely unrelated to the issue of plaintiff's willfulness," and accordingly was not "reasonably calculated to lead to the discovery of admissible evidence."); *Armament Serv. Int'l v. Attorney General*, 760 F.App'x 114, 121 (3d Cir. 2019) (affirming denial of requested discovery because the GCA "does not require it to consider evidence outside the administrative record" and plaintiffs' reasons for seeking discovery were not persuasive). Based on this background, the reasons set forth below, and those set forth in Respondent's opposition to Petitioner's Motion to

Defer Summary Judgment, the Petitioner's motion should be denied, and the Court should resolve the pending motion for summary judgment.

Petitioner's request to depose Remley and Koroly is not warranted. Petitioner argues that he has a "right" to cross-examine the ATF's witnesses. ECF No. 14 at 2 (citing *Walsh v. Hodge*, 975 F.3d 475, 483–85 (5th Cir. 2020)). Tellingly, none of the cases Petitioner cites address challenges to revocations of FFLs. In the Motion to Defer Summary Judgment Proceedings, Petitioner cites to *Crawford v. Washington*, 541 U.S. 36, 61 (2004), arguing that he should be afforded the ability to subject Remley and Koroly to the "crucible of cross-examination." ECF No. 11 at 7. But *Crawford* is a case interpreting the Sixth Amendment's Confrontation Clause, which does not apply in civil or administrative proceedings such as this. *See e.g. Woolsey v. National Transp. Safety Bd.*, 993 F.2d 516, 521 (5th Cir. 1993) (Sixth Amendment rights to confrontation and cross-examination do not apply in civil hearings); *Joseph v. City of San Jose*, 2024 WL 4144077, (9th Cir. Sept. 11, 2024) (affirming summary judgment on plaintiff's claim alleging violation of the Sixth Amendment Confrontation Clause because the Confrontation Clause applies only to criminal proceedings and therefore did not apply to an administrative hearing).

Petitioner's reliance on *Walsh* fares no better. Petitioner appears to argue that *Walsh* stands for the proposition that he has a "due process right 'to confront,' to 'cross-examine,'" and 'to test' the ATF's two witnesses, [Remley and Koroly], which has not been provided." ECF No. 14 at 2. But *Walsh* presented different facts in a different context. *Walsh* involved a Section 1983 action against a university and its faculty and administrators for allegedly violating his procedural due process rights when assessing allegations of sexual harassment before firing him. In *Walsh*, the Fifth Circuit applied *Matthews v. Eldridge* balancing test to determine whether defendants denied his due process rights by not affording him the opportunity to cross-examine his accuser. *Walsh*,

975 F.3d at 483–85. In fact, the entire discussion in *Walsh* focuses on whether the professor was denied due process by not being able to "examine his accuser." *Id.* at 483. Unlike the witness in *Walsh*, Koroly and Remley are not Petitioner's "accusers." But more significantly, the Fifth Circuit has already rejected a similar due process challenge. In *Weaver*, the Appellant argued ATF violated his due process rights because, among other things, at the hearing he "had no opportunity to compel witness attendance" or "examine witnesses under oath." *Weaver v. Harris*, No. 12-60202, 2012 WL 1667996, *29 (5th Cir. 2012) (Brief of Appellant). The Fifth Circuit rejected his argument finding "while [appellant] provides various generalized examples of additional procedures he wishes were in place during his revocation proceedings, he fails to provide any persuasive reason as to why those procedures are mandated by the Due Process Clause."). *Weaver*, 586 F. App'x at 506; *see also Crusader Gun Group, LLC v. James*, 118 F.4th 648, 654 (5th Cir 2024) (rejecting argument that ATF violated due process rights in rejecting an FFL application) (citing *Matthews v. Eldridge*, 424 U.S. 319, 348–49 (1976) (administrative procedures often comport with due process when there is notice, opportunity to be heard, and subsequent judicial review)).

Petitioner has failed to provide any basis to doubt Remley's and Koroly's sworn statements that were offered and accepted in judicial proceedings before this Court. There was no requirement that Remley and Koroly testify live as the Federal Rules of Evidence do not apply at the administrative hearing. *See Arwady Hand Truck Sales v. Vander Werf*, 507 F. Supp. 2d 754, 760 n.8 (S.D. Tex. 2007) (citing *Nationwide Jewelry & Pawn, Inc. v. United States*, 455 F. Supp. 2d 1379, 1383 (M.D. Ga. 2006) (citing Fed.R.Evid. 1101(a), (b))). Remley's and Koroly's depositions are not necessary for the resolution of the Respondent's motion for summary judgment and the Court should decline Petitioner's invitation to allow discovery in this case.

Petitioner's remaining requests fare no better. Petitioner seeks discovery into ATF's procedures and instructions for deciding revocations. ECF No. 14 at 3. Again, this is similar to *Weaver*, where the petitioner requested materials to show "that his revocation was 'highly irregular, procedurally inexplicable, and statutorily improper,'" *Weaver*, 486 F. App'x at 505–06. The Fifth Circuit found the trial court did not abuse its discretion in denying this request because the proposed inquiry unrelated to the issue of willfulness and therefore would not lead to the discovery of admissible evidence. *Id*. So too here. It is apparent that Petitioner's challenge to the Respondent's revocation of his FFL turns on the element of willfulness. *See* ECF No. 1, ¶¶ 31–39. As in *Weaver*, the requested discovery into ATF procedures and instructions is unrelated to the willfulness of Petitioner's violations and therefore Petitioner's request for discovery of these materials should be denied.

## CONCLUSION

Petitioner's request to defer resolution of Respondent's motion for summary judgment to engage is substantial discovery would constitute an unwarranted expansion of review in these types of cases. The Fifth Circuit has made clear that these cases can be resolved on the administrative record alone and therefore parties are not entitled to discovery. These cases surely are not envisioned to afford parties an opportunity for trial anew on factual matters already litigated at the administrative level. Because the discovery Petitioner seeks in this case is not necessary, not likely to yield admissible evidence, and would constitute a shift away from the Fifth Circuit precedent on discovery in these cases, Petitioner's request to defer ruling on Respondent's motion for summary judgment should be denied.

Respectfully submitted,

DAMIEN M. DIGGS
UNITED STATES ATTORNEY

5

*/s/ James G. Gillingham*
JAMES G. GILLINGHAM
Texas State Bar No. 24065295
james.gillingham@usdoj.gov
110 N. College, Suite 700
Tyler, TX 75702
(903) 590-1400
Fax: (903) 590-1436

*Counsel for Respondent*

**CERTIFICATE OF SERVICE**

    I hereby certify that on December 17, 2024, a true and correct copy of the foregoing document was filed electronically with the court and has been sent to all known counsel of record via the Court's electronic filing system.

                  */s/ James G. Gillingham*
                   JAMES G. GILLINGHAM
                   Assistant United States Attorney