**Chadwick Lamar**
Associate
clamar@bradley.com
205.521.8533 direct



May 23, 2025

**VIA CM/ECF**
Mr. David A. O'Toole, Clerk of Court
United States District Court for the Eastern District of Texas

      **RE:**    Notice of Supplemental Authority,
                  *Harris v. Carlson*, No. 4:24-cv-00737-SDJ

Dear Mr. O'Toole:

I write to advise the Court of additional support for Petitioner's motion to defer summary judgment proceedings until after discovery. (Doc. 11). On May 20, 2025, Acting ATF Director Daniel Driscoll published an Order establishing "fair and consistent guidelines" for Federal Firearms Licensee administrative revocation proceedings. *Federal Firearms Administrative Action Policy and Procedures*, ATF Order 5370.1H (issued May 6, 2025) ("Order") (attached as **Exhibit A**).

These new guidelines make clear, among other things, that "ATF has the burden of proof in establishing willful GCA violations," as necessary to support any revocation. Order at 3, § 7(a)(1)(b). They also state that an ATF Director of Industry Operations can revoke a license only if "the Government has met its burden of proof by a preponderance of evidence as to the elements required to issue a Final Notice" of revocation. *Id.* at 11, § 11(c)(6).

The ATF's new guidelines are a step in the right direction. But they are entirely incompatible with Petitioner's treatment in the administrative proceedings at issue in this case. The ATF essentially required Petitioner to prove his innocence. After providing almost zero pre-hearing notice of its evidence, the ATF's counsel told Petitioner at the hearing: "Sir, it's your show." AR 381:7.

The guidelines are similarly irreconcilable with the ATF's litigation positions in this Court. The ATF asks this Court to ignore its statutory duty to conduct "de novo" review and, instead, defer to the administrative proceedings below. *See* 18 U.S.C. § 923(f)(3). ATF does not even try to meet its burden here; it instead tries to invoke a statutorily unsupportable and deferential "substantial evidence" standard of review. (Doc. 10 at 9; Doc. 12 at 5–6).

In keeping with the essential themes of the Order, this Court should afford Petitioner true de novo review, require ATF to satisfy its burden of proof in an adversarial evidentiary hearing before this Court, and ultimately set aside ATF's improper revocation of Petitioner's federal firearms license. (Docs. 11, 14). Because Petitioner is prevented from engaging in his livelihood, each day that passes causes irreparable harm.

Bradley Arant Boult Cummings LLP | One Federal Place | 1819 Fifth Avenue North | Birmingham, AL 35203-2119 | 205.521.8000 | bradley.com

May 23, 2025
Page 2

                                      Respectfully submitted,

                                      /s/ Chadwick Lamar_____
                                      Chadwick Lamar
                                      Counsel for Petitioner
                                      Admitted *pro hac vice*

cc: All counsel of record (via (CM/ECF)