# EXHIBIT A

**U.S. Department of Justice**
Bureau of Alcohol, Tobacco, Firearms and Explosives

# Order

| |
|---|
| ATF O 5370.1H |

SUBJECT: FEDERAL FIREARMS ADMINISTRATIVE ACTION
POLICY AND PROCEDURES

DATE:  05/06/2025
RECERTIFICATION
DATE:  05/06/2030
OPI: 700000

TO:    Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF) Industry Operations

1.    PURPOSE.  This order provides fair and consistent guidelines for administrative remedies for violations committed by Federal firearms licensees (FFLs).

2.    CANCELLATION.  This order supersedes ATF O 5370.1G, Federal Firearms Administrative Action Policy and Procedures, dated 08/29/2024.

3.    AUTHORITIES.

    a.    Title 28 U.S.C. § 599A.

    b.    Title 28 C.F.R. §§ 0.130-0.131.

    c.    The Gun Control Act of 1968, as amended, Title 18 U.S.C. Chapter 44.

4.    BACKGROUND.  This order identifies baseline policy guidelines for administrative action but does not address every potential scenario or violation.  Each field division's Director of Industry Operations (DIO) should take the appropriate actions to ensure FFL compliance with all legal and regulatory requirements and protection of the public through proper application of this order.  While this order establishes general guidelines, every inspection requires individual analysis based on all the facts and circumstances.

    a.    This is a national policy to promote consistent, effective, and equitable responses to violations of the Gun Control Act of 1968 (GCA), as amended, 18 U.S.C. Chapter 44.  When assessing which enforcement actions to take, ATF will consider the nature of the violations, their impact on public safety, ATF's ability to reduce violent crime, and respect for the rule of law.  ATF will also consider aggravating and mitigating factors in making such determinations.

    b.    ATF conducts regulatory inspections of FFLs to ensure compliance with Federal firearms laws and their implementing regulations.  Regulatory inspections also help detect possible diversion of firearms from legal commerce.  ATF also uses these inspections to educate FFLs of their legal responsibilities and to promote partnerships to prevent firearms trafficking.

    c.    An ATF F 5030.5, Report of Violations (ROV) shall be issued to the FFL for any material violations identified during an inspection.  The issuance of an ROV is not an administrative action but rather a documentation of an inspection's findings.

ATF O 5370.1H

d.    An "administrative action" is the imposition of a civil fine or the suspension, revocation, or denial of an application for a license or a renewal of a license. It does not include a warning conference or a warning letter.

e.    This policy is for internal guidance only and is law enforcement sensitive. It is not intended to, and does not, create any right or benefit, substantive or procedural, enforceable at law by a party against the United States and its agencies, officers, or employees. Furthermore, it does not serve as a complete recitation of all applicable laws and policies; rather, it should be read in conjunction with the below referenced sources and other related authorities or documents.

5.    REFERENCES.

a.    ATF O 1100.168D, Delegation Order—Delegation of Authorities within the Bureau of Alcohol, Tobacco, Firearms and Explosives, dated 3/26/2025.

b.    ATF O 3200.1B, Monitored Case Program, dated 10/20/2021.

c.    ATF O 5000.19A, Industry Operations Manual, dated 4/4/2018.

d.    Title 27 C.F.R. Part 478.

e.    Title 18 U.S.C. § 922.

f.    Title 18 U.S.C. § 923.

g.    Title 18 U.S.C. § 924.

6.    POLICY.

a.    This order assists Special Agents in Charge (SACs), DIOs, Area Supervisors (ASs) and Industry Operations Investigators (IOIs) in making appropriate, effective, consistent, and fair decisions when taking administrative actions. Each decision requires a fact-specific analysis.

b.    This order does not require violations be addressed by a series of increasingly severe actions. For example, administrative action may be sought after a first inspection if all elements of the violation, including the relevant *mens rea*, are established and it is appropriate under the circumstances. Similarly, the mere fact that a prior inspection resulted in a warning conference does not, by itself, require the field to seek revocation upon discovery of additional violations. Some violations may be repetitive, yet accidental, and not inconsistent with public safety.

c.    Each inspection has unique and sometimes complex circumstances. The field should consider each of the following questions when analyzing violations:

(1)    Will continued operations by the FFL pose a threat to public safety or contribute to violent crime and other criminal activities?

(2)    Did the FFL self-report the violations prior to inspection?

(3)    Is the FFL taking responsibility for its violations?

(4)    Has the FFL demonstrated a willingness and ability to achieve and maintain compliance?

(5)    Were the violations the result of an employee's actions, and if so, did the FFL take appropriate employment actions to correct the situation and prevent it from reoccurring?

ATF O 5370.1H

7.    ADMINISTRATIVE ACTIONS (REVOCATION, DENIAL, FINE AND SUSPENSION).

    a.    Revocation under 18 U.S.C. § 923(e).

        (1)    Willful Violations. Willfulness is a legal determination that must be established to revoke a license under 18 U.S.C. § 923(e) and there must be evidence of willfulness to issue a Notice to Revoke or Suspend License and/or Impose a Civil Fine, ATF F 4500 (5300.4) (Notice to Revoke) under 27 C.F.R. § 478.73. For purposes of the regulatory provisions of the GCA, the terms "willful" and "willfulness" mean a purposeful disregard of, a plain indifference to, or a reckless disregard of a known legal obligation. Willfulness requires fact-specific application of law; Field Counsel can provide assistance and clarification.

            (a)    ATF does not have to establish a history of prior violations to demonstrate willfulness. ATF may revoke a Federal firearms license on an initial set of violations if willfulness is otherwise established. ATF can establish the knowledge element of willfulness in several ways:

                1    Statements or admissions communicated by the FFL or its employee(s).

                2    The FFL's history of similar, repeat violations with documentation that ATF personnel discussed with the FFL. The FFL's compliance history can include other efforts by ATF including, but not limited to, signed acknowledgment(s) of Federal firearms regulations from prior qualification or compliance inspections, ROV(s), warning letter(s), and warning conference(s) to inform the FFL about its legal responsibilities.

                3    Publications, training, and information provided or easily accessible to the FFL which explain the FFL's legal responsibilities.

                4    Periodic compliance with similar ATF regulations.

                5    Experience in the firearms industry.

                6    An FFL's own internal records or lack of such records.

            (b)    ATF has the burden of proof in establishing willful GCA violations and not every repeat violation is willful, even where the legal requirement underpinning the violation was known. Repeat non-willful errors (particularly those involving paperwork) may occur, even by a conscientious licensee. Inadvertent errors in properly completing required forms do not amount to "willful" violations, unless there is evidence that the licensee was at least plainly indifferent towards the licensee's legal duties. This is a fact-specific inquiry for which Field Counsel can assist in applying the district's governing law to the facts.

        (2)    Issuing a Notice to Revoke is generally recommended in response to the discovery of evidence of the below willful violations.

            (a)    Transferring a firearm to a person knowing or having reasonable cause to believe that the transferee is subject to the Federal firearms disabilities contained in 18 U.S.C. §§ 922(d) or 922(n) or is prohibited from purchasing the firearm under 18 U.S.C. § 922(b)(1) (providing age restrictions).

(b)     Refusing to comply with the Brady Act's background check provisions.

(c)     Refusing to respond to a firearms trace request within 24 hours after receipt of request.

(d)     Falsifying records required under the GCA or making a false or fictitious written statement in the FFL's required records or in applying for a firearms license.  Withholding or misrepresenting material information in applying for a license.

(e)     Repeatedly refusing ATF right of entry and inspection during listed hours of operation at the licensed premises.

(f)     Allowing an employee who is a prohibited person to have possession of a firearm while knowing or having reasonable cause to believe that the employee is a prohibited person under the GCA.

(g)     Transferring a firearm knowing that the transferee of record is not the actual buyer (i.e., a straw purchase).

(h)     Repeatedly failing to create a required GCA record or discontinued use of required GCA records.

(i)     Repeatedly failing to execute or use a Form 4473 for the transfer of a firearm to a non-licensee.

(j)     Possessing a firearm with an obliterated serial number.

(k)     Repeatedly failing to appropriately mark imported or manufactured firearms.

(l)     Repeatedly conducting business at a location not authorized as an extension of the licensed business premises.

(m)     Failing to timely report theft or loss of firearm(s) to ATF and local law enforcement after a prior inspection identified the same failure.

(n)     Failing to record the disposition of firearm(s) in the Acquisition and Disposition Record (i.e. Missing firearms after inventory reconciliation (e.g., no records of disposition, required or otherwise) and the violations are extensive or systemic.

(3)     All other willful violations may serve as grounds for revocation (or denial of a renewal application in appropriate circumstances depending on the totality of the facts).  For example, there may be grounds for revocation when the FFL has been the subject of a warning conference within the previous five years and the current inspection reveals repeated similar willful violations such that it calls into question the FFL's willingness and ability to comply with the law.

(4)     Criminal violations of the GCA are not only grounds for revocation, but also upon discovery must be immediately referred to ATF criminal enforcement.  Simultaneous regulatory and criminal proceedings are encouraged with the concurrence of the United States Attorney's Office and/or local prosecutor.  It is possible for a licensing action to proceed at pace without interfering in the criminal investigation, but ATF must ensure its actions appropriately consider the status of the criminal proceedings.  If a licensee indicates that it is interested in resolving

these parallel proceedings through a global plea agreement, the U.S. Attorney could include a term in the agreement by which the FFL would admit its willful violation(s) of the GCA or other disqualifying factor(s) and agree to the revocation or surrender of the license as a term of the agreement. If ATF pursues revocation in conjunction with a criminal investigation, it will follow procedures required by ATF O 3200.1B, Monitored Case Program.

b.    <u>Denial under 18 U.S.C. § 923(d)</u>.

(1)    Pursuant to 18 U.S.C. § 923(d), ATF will issue a Notice to Deny Application for License, ATF F 5300.43 (4498) (Notice to Deny), for an application in which an applicant: willfully failed to provide material information required by the application; is less than 21 years old; is a prohibited person; made a material false statement on the application; or is a prior willful violator of the GCA. For example, an application should be denied when past willful violators or prohibited persons are responsible parties for the applicant but are not listed on the application.

(2)    If an FFL's timely renewal application is denied, it should be processed as a revocation of the current license (including those under a Letter of Authorization) with a footnote that the Notice also serves as a denial of the renewal application. Also, in accordance with 27 C.F.R. § 478.71-.72, the renewal application should be marked "disapproved" and returned.

(3)    If the applicant is a prior willful violator of the GCA, specifically as to any violation enumerated in section 7.a. above, application denial is the presumptive action.

c.    <u>Fine/Suspension/Revocation under 18 U.S.C. §§ 922(t); and 922(z) via 924(p)</u>.

(1)    ATF may revoke, suspend, and/or impose a civil fine for certain knowing violations of the Brady Handgun Violence Prevention Act and the Child Safety Lock Act of 2005. In these situations, the proposed sanction must be detailed in the Notice to Revoke.

(2)    When qualifying violations of 18 U.S.C. §§ 922(t) or 922(z) are cited, all three options (revocation, suspension and fine) will be selected on the Notice to Revoke and the maximum fine and suspension will be proposed in order to preserve all options, except in situations approved by the Deputy Assistant Director (Industry Operations) (DAD (IO)).

(3)    Notification of the imposition of a Civil Fine must be made to the Federal Firearms Licensing Center and Financial Management Division via memorandum.

(4)    <u>Knowing Violations</u>. For purposes of the regulatory provisions of the GCA, the term "knowingly" means a person has consciously performed the act regulated by the GCA. Establishing a knowing violation does not require showing the purposeful disregard or plain indifference to a known legal obligation needed to establish a willful violation of the GCA.

d.    <u>Settlements/Resolutions After Issuance of Administrative Action Notice</u>.

(1)    Pursuant to 27 C.F.R. §§ 478.72-74, the FFL may submit facts and arguments for review and consideration and make offers of settlement before the issuance of a Final Notice of Denial of Application, Revocation, Suspension and/or Fine of Firearms License, ATF F 5300.13 (Final Notice). Submission of such

settlement/resolution offers are required to occur outside of an administrative hearing and settlement/resolutions require DAD (IO) approval.  A common example of a resolution is a withdrawal of a request for a hearing in exchange for a postponed effective date of the Final Notice to allow for a brief liquidation period.

(2)     The DIO should consult and work closely with Field Counsel on the negotiation of terms and conditions to which ATF may appropriately agree to settle or resolve the administrative action.

(3)     The DAD (IO) must approve the final written settlement document and therefore early coordination regarding settlement/resolution is desirable.

(4)     In any administrative action matter in which a settlement is reached, the DIO will take all appropriate steps to ensure that compliance with the settlement is closely monitored and documented.  All such matters will be part of the Monitored Case Program (MCP) pursuant to ATF O 3200.1B, until the terms of the settlement are completed and closed with proper supervisory approval.

e.     <u>Alternates and Other Responses to Violations (Warning Conference and Warning Letter)</u>.  The appropriateness of an alternate action and other responses to violations should be determined after consideration of the nature and number of violations, improvement in compliance with firearms laws and regulations, compliance history, time elapsed since previous inspection and other relevant factors.  Warning conferences and warning letters do not require a determination of willfulness.

(1)     A DIO may request additional information regarding the willful nature of any violation prior to issuing a Notice of Revocation. If a DIO desires such further information to assess the evidence establishing willfulness, they should analyze the relevant issues via the *Proposed Alternate Worksheet* (Exhibit 1).  This additional assessment is purely discretionary, is not required in any matter, and if used must be completed prior to the issuance of the initial Notice and properly documented.

(2)     In any such analysis, the DIO may request evidence related to the willfulness determination such as policies or procedural safeguards, evidence of how those policies and safeguards were implemented at the time of the violation from the FFL. This request should be made via the FFL Explanation of Violation (Exhibit 2).  Upon receipt, the DIO shall determine if the explanation fully resolves relevant issues including, but not limited to, how the violation occurred; description of policies and procedures in place, and actions taken, at the time of the violation to prevent it.  This supplemental information should be included in the *Proposed Alternate Worksheet* analysis and reviewed with the DAD (IO), who may consult with the Office of Chief Counsel.

(3)     For violations, either for which the presumptive action is revocation (or denial of renewal of application) or for which the DIO proposes an alternate recommendation, the inspection is required to be submitted to the MCP for DAD (IO) approval.  See ATF O 3200.1B, for more information including required procedures.

ATF O 5370.1H

8.    WARNING CONFERENCE.  If a warning conference is determined to be an appropriate alternative to a revocation action or is otherwise recommended in accordance with paragraph 8.b.(5), either the DIO or AS may conduct the warning conference depending on the circumstances.  However, in instances in which the violations fall within paragraph 7.a. and the DIO secures an alternate recommendation, a DIO-led Warning Conference must be held.

a.    Timing of Warning Conference.

(1)    All warning conferences must occur within 30 calendar days of the approval of the alternate, unless the licensee is unavailable.  The DIO will notify the DAD (IO) via the Frontline Investigative Support Branch (FISB) if this time period cannot be met.

(2)    The DIO shall ensure that a post-warning conference letter to the FFL is finalized and sent to the FFL no later than 30 calendar days after it occurs.  The DIO will notify the DAD (IO) via FISB if this time period cannot be met.

b.    Invitation to Warning Conference.

(1)    All responsible persons and owners must be invited to a warning conference.  The DIO will ensure that a copy of the warning conference notification letter is sent to the FFL's mailing address, business address and corporate office as appropriate.

(2)    The warning conference notification letter should request that the FFL submit a written proposal ("compliance plan") designed to achieve GCA compliance with the expectation that this document, and suggestions as to how to improve its content, will be a topic of conversation at the warning conference.  The compliance plan should be submitted prior to the warning conference so that both parties are prepared to discuss.

(3)    If the FFL does not respond to the warning conference notification letter, sufficient evidence of willfulness exists, and the violation would threaten public safety or is otherwise of a serious nature, the DIO should initiate administrative action.

c.    During the Warning Conference.

(1)    The warning conference may include ATF Field Counsel and other relevant ATF employees and will discuss means to achieve compliance.

(2)    ATF should provide the FFL with specific instructions to achieve GCA compliance and emphasize the mutual goal of ATF and the industry in safeguarding the public.  A successful warning conference allows the DIO or AS to assess the FFL's potential to achieve compliance and determine any potential risks to public safety and firearms traceability.  Warning conferences should clearly document the information discussed and include an acknowledgement from the FFL of its understanding of the law and any key representations made.

d.    After the Warning Conference.

(1)    The DIO may decide after meeting with the FFL to proceed with revocation (or denial of a renewal application) if sufficient evidence of willfulness exists and public safety is best served by revoking or denying renewal of the Federal firearms license.

(2)    In instances in which it is determined that the violations were not willful and/or the FFL has demonstrated willingness and ability to achieve compliance, the warning conference shall be the final action taken for that inspection.

ATF O 5370.1H

e.  Examples of violations that generally merit a warning conference include, but are not limited to, the following:

(1)  Recklessly failing to obtain a Form 4473 or comply with the Brady Act or intentionally doing so (but only if the intentional violation is an isolated case).

(2)  Entirely failing to timely report theft or loss of firearm(s) by not notifying either ATF or local law enforcement.

(3)  Failing to record NICS or State POC background check information on ■ percent or more of Forms 4473 examined, with a minimum of ■ instances.

(4)  Failing to file ATF F 3310.4, Report or Multiple Sale or Other Disposition of Pistols and Revolvers; or ATF F 3310.12, Report of Multiple Sale or Other Disposition of Certain Rifles, (Southwest Border states only) when legally required in three or more instances.

(5)  Failure to record the disposition of firearm(s) in the Acquisition and Disposition Record, resulting in missing firearms after inventory reconciliation (i.e., no records of disposition, required or otherwise), except for isolated mistakes.

(6)  Transferring a firearm other than a rifle or shotgun to an out-of-state resident in violation of 18 U.S.C. § 922(b)(3).

(7)  Engaging in activity not authorized by the Federal firearms license (e.g. manufacturing firearms without a manufacturer's license).

(8)  FFL has previously attended a warning conference or received a warning letter within the previous five years and both of the following apply: the current inspection reveals repeated similar violation(s) with no significant improvement and the errors are material and not clearly inadvertent in nature.

(9)  Failing to account for firearms when records indicate they were in inventory within the previous five years and for which disposition could not be accounted in required GCA records after reconciliation (e.g., acquisition and disposition record, Form 4473) when such failure is a repeat violation of continuing or increased frequency.

(10)  Possessing an unlawful machinegun in inventory.

ATF O 5370.1H

9.  <u>WARNING LETTER</u>.  The field division may issue a warning letter when violations merit a formal documented action by ATF beyond the issuance of an ROV but do not rise to the level of an administrative action or warning conference.  The AS may decide whether a warning letter is necessary based on the nature and number of the FFL's violations, compliance history, improving or worsening compliance, time elapsed since previous inspection and other relevant factors.

   a.  A warning letter is not appropriate for any violation for which administrative action is presumptive.

   b.  The AS should issue a warning letter within 15 calendar days of the AS's review.  The DIO will notify the DAD (IO) via FISB if this time period cannot be met.

   c.  Examples of violations that generally merit a warning letter include but are not limited to the following:

      (1)  Failing to timely and/or correctly maintain records of receipt, manufacture, importation, or other acquisition on ███ percent or more of the FFL's total acquisitions during the inspection period, with a minimum of ███████ .

      (2)  Failing to timely and/or correctly maintain records of sales or other dispositions on ███ percent or more of the FFL's total dispositions during the inspection period, with a minimum of ███████ .

      (3)  Failing to obtain copies of (or otherwise record) valid and complete transferee identification on ███ percent or more of the Forms 4473 examined.

      (4)  Failing to file ATF F 3310.4, Report or Multiple Sale or Other Disposition of Pistols and Revolvers; or ATF F 3310.12, Report of Multiple Sale or Other Disposition of Certain Rifles, (Southwest Border states only) when legally required on fewer than ███ occasions.

      (5)  Failing to retain required GCA records for transferred firearms for period of time specified by regulation.

      (6)  Transferring a rifle/shotgun to a resident of another State that violates State law.

      (7)  Failing to timely notify ATF about a change of control.

      (8)  Partially failing to timely report theft or loss of firearm(s), by notifying either ATF or local law enforcement but not both.

      (9)  Failing to obtain complete and accurate information for any item(s) on Form 4473 on ███ percent or more of examined forms (with a minimum of ███ forms).

10.  <u>TECHNICAL GUIDANCE AND TIMELINES</u>.

   a.  All inspections and investigations which recommend an administrative action or an alternate to administrative action must be tracked and reported in accordance with ATF O 3200.1B, Monitored Case Program.

ATF O 5370.1H

b.    The Area Office should submit cases involving potential administrative action to the DIO within 30 calendar days of the inspection submission date.  The DIO has 90 calendar days, inclusive of Field Counsel review, upon receipt of the inspection to issue a Notice to Revoke or Notice to Deny.  If the DIO requests additional information pursuant to subsection 7e of this Order, they will have 120 calendar days (an extra 30 calendar days) to issue such a notice, if appropriate.  Field Counsel will have a maximum of 60 calendar days to review and prepare the Notice for submission to the DIO for review and issuance.  The DIO will notify the DAD (IO) via FISB if these time periods cannot be met.

c.    When an administrative action hearing is requested, it should be scheduled to occur within 30 calendar days of receipt of the request but no less than 10 calendar days after notice of when the hearing will be held.  The DIO will notify the DAD (IO) via FISB if this time period cannot be met.

    (1)    If the DIO issues a Notice to Revoke and the FFL does not request a hearing or requests a hearing and then withdraws the hearing request, the DIO will issue a Final Notice.

    (2)    If the DIO issues a Notice to Deny and the applicant/FFL does not request a hearing or requests a hearing and then withdraws the hearing request:

        (a)    If the matter is as to a denial under 7.b.(3), a Final Notice should be issued; however,

        (b)    If, as to any other applicant (*i.e.* a person or corporation unconnected to a current or former licensee) a hearing is not requested, no Final Notice is required per 27 C.F.R. § 478.71.

d.    After an administrative action hearing occurs, the DIO will secure a transcript of the hearing.  The DIO shall make a final decision on either issuance of a final notice or a decision not to revoke within 45 calendar days after receipt of the initial transcript.  The DIO will notify the DAD (IO) via FISB if these time periods cannot be met.

11.    ADDITIONAL FIELD RESPONSIBILITIES.  Responsibilities for field personnel and management are as follows:

a.    Industry Operations Investigator.  The IOI will:

    (1)    Conduct the inspection per established ATF guidelines, including use of the ATF approved case management system.  If an IOI uncovers a violation, the IOI will obtain and preserve all available evidence and document the violations to show if the violations were willful, including copies of Forms 4473 and Acquisition and Disposition records, and statements by the FFL and its employees as only documented violations will be cited in the Notice to Deny or Notice to Revoke.  The IOI will then make the appropriate recommendation based on the guidelines contained herein and forward the inspection to the AS.

    (2)    Communicate with and notify the AS of violations, findings, and other circumstances impacting public safety upon discovery.

    (3)    For purposes of Field Counsel preparing a Notice to Deny or Notice to Revoke, list the specifics of all violations cited in the Notice in the format requested by Field Counsel.

ATF O 5370.1H

(4)     For purposes of hearing preparation and after consultation with Field Counsel, identify, group, label and store all documents relative to the hearing in an electronic folder that is shared with Field Counsel.

(5)     Ensure that the terms of any settlement are monitored regularly in any matter assigned to the IOI, and properly document and report on any such matters to the AS.

b.     <u>Area Supervisor</u>.  The AS will:

(1)     Review all firearms inspection reports and associated exhibits maintained within the ATF approved case management system to ensure the IOI's recommendation meets established guidelines and evidentiary requirements, they adequately performed all relevant inspection work steps, and they correctly entered all necessary data.

(2)     Communicate with and notify the DIO of violations, findings, and other circumstances impacting public safety upon discovery.

(3)     Independently evaluate the IOI's recommendation and insert the AS's recommendation in the ATF approved case management system.  If the AS disagrees with the IOI's recommendation, the AS will document the reason(s) within the recommendation section of the ATF approved case management system. The AS must submit cases meriting administrative action to the DIO within 30 calendar days of the IOI submission date. The DIO will notify the DAD (IO) via FISB if this time period cannot be met.

(4)     Review and monitor compliance with the terms of any settlement in any matter assigned to an IOI under their supervision and report the same to the DIO.

c.     <u>Director of Industry Operations</u>.  The DIO will:

(1)     Review all inspections for which administrative action or warning conference is recommended.  The DIO shall enter a recommendation in the ATF approved case management system within 15 calendar days. The DIO will ensure the timely initiation of administrative action occurs within 30 calendar days of the AS's report submission date. The DIO will notify the DAD (IO) via FISB if these time periods cannot be met. Additionally, the DIO must provide justification for their recommendation through the Industry Operations Monitored Case Briefing Paper and submit to FISB.

(2)     Request Field Counsel legal advice for all administrative actions including analysis of willfulness and litigation hazards.

(3)     Complete the *Proposed Alternate Worksheet* for all cases involving revocation or denial violations in which an alternate action or settlement is under consideration.

(4)     Issue the Notice to Deny or the Notice to Revoke within 120 calendar days of the inspection report, inclusive of Field Counsel review. The DAD (IO) will be notified by the DIO via FISB if this time period cannot be met.

(5)     Advise the SAC of any administrative actions and other administrative resolutions.

(6)     Following a hearing requested pursuant to 27 C.F.R. §§ 478.72 or 478.74, determine whether the Government has met its burden of proof by a preponderance of evidence as to the elements required to issue a Final Notice. If the DIO believes such elements

have not been proven, including the relevant *mens rea,* the DIO must fully brief the DAD (IO) as to the basis for this determination. If the DIO believes that all elements have been established, review the decision, evidence, and reasoning with Field Counsel for purposes of drafting a Final Notice.

(7)    Monitor all administrative actions, alternates, settlements, and related litigation in the DIO's Area of Responsibility.

d.    <u>Field Counsel</u>.  Field Counsel will:

(1)    At the request of the DIO, review all inspection reports and exhibits in the ATF approved case management system and provide legal advice in all administrative actions.

(2)    Draft the Notice to Deny or Notice to Revoke and Final Notice of Revocation/Denial after consultation with the DIO and provide a preliminary assessment of willfulness and potential litigation issues.  In certain instances, it may not be in the Government's interest to cite every willful violation discovered during an inspection when adequate evidence of willful violations to sustain administrative action already exists.

(3)    Request review and approval from the Associate Chief Counsel, or designee, for all proposed Notices and administrative resolutions for legal soundness, and compliance with this policy prior to final submission to MCP and implementation of these actions. The DIO and Field Counsel should use discretion in determining which violations to allege in the Notice.  All violations which are cited in a report of violations do not have to be included in a Notice.

(4)    Advise on all administrative actions, settlements, and related litigation in the Field Counsel's Area of Responsibility.

e.    <u>Special Agent in Charge</u>.  The SAC has ultimate division responsibility to ensure that this national policy is properly enforced. To this end, they may establish additional controls in their division.

12.    <u>AVAILABILITY</u>.  The forms outlined in this order are available at ATFConnect>Forms and Policy>Forms.  The manual outlined in this order is available at ATFConnect>Directorates>Field Operations>Industry Operations>IOI Manual.

13.    <u>RECORDS RETENTION REQUIREMENTS</u>.  Documents outlined in this order must be retained in accordance with ATF O 1340.5A, Records Management Program and ATF 0 1340.7A, ATF Records Control Schedule.

14.    <u>QUESTIONS</u>.  If you have any questions regarding this order, please contact Field Management Staff, ▮▮▮▮▮▮▮.

Daniel Driscoll
Acting Director

ATF O 5370.1H

Exhibit 1

Proposed  Alternate  Worksheet

## Revocation Evaluation Worksheet

| FFL Name | Click or tap here to enter text. | ROV Date | Click or tap to enter a date. |
|---|---|---|---|
| License Number | Click or tap here to enter text. | Recommendation | Choose an item. |

| | Violation Type (add additional lines if needed) | Violation Language (copy from ROV) |
|---|---|---|
| 1. | Choose an item. | Click or tap here to enter text. |
| 2. | Choose an item. | Click or tap here to enter text. |
| 3. | Choose an item. | Click or tap here to enter text. |
| 4. | Choose an item. | Click or tap here to enter text. |

### EVALUATING POTENTIAL REVOCATIONS
*This analysis will be included in Spartan.*
*If the analysis differs by violation, specify by using the above violation numbers.*

1. **Willfulness**
Briefly describe the sufficiency of willfulness evidence in situations where there is not evidence of a purposeful violation and there is minimal evidence of reckless disregard or plain indifference to a known legal obligation, for example: first inspections; sincerely held misunderstandings; and/or isolated errors despite obvious efforts at compliance.
Click or tap here to enter text.
**Evidence of this Element is:**Choose an item.

2. **Impact on Public Safety**
Briefly describe the impact of the violation(s) on FFL's responsibility to: prevent the transfer of firearms to or the possession by prohibited persons (including the percent of NICS denials relative to similarly situated FFLs as well as regular access by prohibited persons via employment or otherwise), ensure the timely and accurate trace of firearms (including traces linked to violent crime, traced firearms used in shootings, average time to crime for all traces, percentage of traces with a TTC less than one year relative to similarly situated FFLs), and/or identify and prevent straw purchase transactions.  Also consider: multiple or suspicious theft/loss reports relative to those of similarly situated FFLs and/or notoriety of the violation(s) and/or its impact upon the reputation of the regulated industry.
Utilizing the CGIA – Trafficking Indicators Dashboard, select your Area Office and the FFL and record the following:
**Evidence of this Factor is:**Choose an item.

| CGIA - Trafficking Indicators | FFL | AO Average |
|---|---|---|
| Total Traces | | N/A |
| % traces to disposition | | |
| Avg. TTC | | |
| % of Traces w/ TTC less than 1 year | | |
| Firearms used in shootings | | N/A |
| % firearms used in shootings | | |

3. **Acceptance of Responsibility**
Briefly describe the FFL's acceptance of responsibility including circumstances surrounding the violation(s) to include: over-all responsiveness, consistency of responses, speed in which records were produced, access to the premises, remedial actions, and/or whether the violation was self-reported.
Click or tap here to enter text.
**Evidence of this Factor is:** Choose an item.

Exhibit 1

4.  **Voluntary Compliance**
    Briefly describe the FFL's voluntary compliance including assistance to law enforcement, cooperation with ATF investigators, identification of internal controls, submission of a compliance plan (especially when requested by ATF), response to IOI's efforts to assist or educate, and/or implementation of security measures/procedures.
    Click or tap here to enter text.
    **Evidence of this Factor is:** Choose an item.


**Completed by:** _____

**Signature:** _____

**Date:** _____


**DAD (IO) Review Date:**
**Decision:**


**AAD Review Date:**
**Decision:**

ATF O 5370.1H

Exhibit 2



**U.S. Department of Justice**

Bureau of Alcohol, Tobacco,
Firearms and Explosives

www.atf.gov

[office code]:[author's initials]
5370

[Date]

[Full name(s)]
[Address]

Re: Federal Firearms License Number: [_____]

Dear [Mr./Mrs. Last Name]:

As a result of a recent compliance inspection conducted at your firearms business, the Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF) cited you with violations of the Gun Control Act of 1968, as amended, 18 U.S.C. Chapter 44, and the regulations issued thereunder, 27 C.F.R. Part 478.

Prior to determining whether to issue a Notice to Revoke or Suspend License and/or Impose a Civil Fine (Notice to Revoke) in this matter, I am affording you the opportunity to provide relevant information for my consideration. Your submission should detail any evidence related to the determination of willfulness such as policies or procedural safeguards and/or extraordinary circumstances. If you choose to provide such information, it must be in writing, signed by the recipient of this letter (and preferably all responsible persons on the license), addressed to me at the return address identified above, and postmarked no later than 15 days from the date of this letter.

If a submission fully resolves the matter, you will receive a letter stating that a notice will <u>not</u> be issued. If, on the other hand, issues remain unresolved, you will receive a Notice to Revoke and will be afforded the opportunity to review that decision at a hearing.

Should you have any questions regarding this matter, please contact Industry Operations Investigator [IOI's name] at [phone number].

Page 15

Exhibit 2

-2-

[Mr./Mrs. Last name]
[Federal Firearms License Number: [_____]

Sincerely,

[Director Industry Operations Name]
Director Industry Operations

cc:     Federal Firearms Licensing Center
        [Area Office Name] Area Office

Attachment