**James W. Porter, III**
Partner
jporter@bradley.com
205.521.8285 direct

**Bradley**

February 4, 2026

**VIA CM/ECF**

      **RE:**    Notice as to Petitioner's Status
             *Harris v. Carlson*, No. 4:24-cv-00737-SDJ

To the Honorable District Court:

I respectfully submit this notice to advise the Court of Petitioner Thomas Roy Harris, Jr.'s worsening status. The ATF's improper revocation of Mr. Harris's federal firearms license has deprived Mr. Harris of his means of livelihood, which has now forced Mr. Harris to stop providing financial support to one of his daughters.

As this Court is aware, this action is a Petition for De Novo Review from the ATF's decision to revoke Mr. Harris's federal firearms license—his means of livelihood. (Doc. 1 ¶¶ 5, 7). But this case is not just about Mr. Harris's desire to vindicate himself and return to his passion and career. It is just as much a civil rights action with potentially sweeping significance for the firearms industry and law-abiding citizens seeking to exercise their Second Amendment rights.[1]

This case has been stayed since December 2024, pending resolution of Mr. Harris's motion to defer summary judgment briefing and to allow discovery. (*See* Docs. 11, 15). Mr. Harris was forced to file that motion in response to the Government's filing a motion for summary judgment on the eve of the parties' Rule 26(f) conference, without any prior notice to Mr. Harris's counsel. (*See* Doc. 11 at 4). At Mr. Harris's request, this Court held a telephone status conference on July 10, 2025, during which Mr. Harris's counsel outlined how the ATF's underlying decision disrupted Mr. Harris's life. Mr. Harris, as well as his counsel, are grateful for that opportunity to make a record of Mr. Harris's exigencies.

Since the conference, Mr. Harris's outlook has continued to materially worsen. The ATF's improper revocation of his federal firearms license did not also revoke his duty to provide for his family. Mr. Harris supports his wife, his children, and his aging mother. But, by the end of 2025, Mr. Harris became no longer able to support his daughter in school. With full appreciation for the heavy caseload in the Eastern District of Texas, as well as the reality that every case merits careful attention, Mr. Harris's growing desperation compels him to make further record of his situation.

---

[1] In announcing the repeal of the Biden Administration's "Zero Tolerance Policy," U.S. Attorney General Pam Bondi denounced the policy as "unfairly target[ing] law-abiding gun owners." Press Release, U.S. Dep't of Justice, DOJ, ATF Repeal FFL Inspection Policy and Begin Review of Two Final Rules (Apr. 7, 2025), https://www.atf.gov/news/press-releases/doj-atf-repeal-ffl-inspection-policy-and-begin-review-two-final-rules. And, as Mr. Harris has noted in an earlier filing, the ATF under the Biden Administration "revoked more gun store licenses" in 2024 than it did "in any year over at least the past two decades." (Doc. 11 at 10).

February 4, 2026
Page 2

Another urgency arises from the fact that the evidence grows more stale by the day. This action turns largely on a credibility determination between Mr. Harris's testimony and the testimony of the ATF's two "informants." As Mr. Harris has demonstrated in his earlier filings, the ATF's informants never appeared to testify on the ATF's behalf—instead, the ATF simply introduced agent-written summaries of their interviews—and Mr. Harris has never had an opportunity to cross-examine them. (*See* Doc. 11 at 3). The informants' self-serving, out-of-"court" accusations are fundamentally unreliable, inadmissible hearsay, and entirely untested. Mr. Harris's opportunity to meaningfully cross-examine and impeach the informants' testimonies diminishes further as time passes. The Government should also recognize this urgency; without testimony from these informants, the Government will never be able to meet its evidentiary burden to sustain the ATF's revocation decision. Mitigating the risk of evidentiary staleness furthers the shared interests in a full and fair resolution of this case.

Mr. Harris is confident that he will prevail in this action, and that this Court will order the ATF to restore Mr. Harris's federal firearms license. In the meantime, Mr. Harris respectfully yet desperately requests that this Court grant Mr. Harris's motion (Doc. 11), permit Mr. Harris to take discovery, hold an adversarial evidentiary hearing that enforces the Federal Rules of Evidence, and then set aside the ATF's improper revocation of his license.

Respectfully submitted,

/s/ James W. Porter III
James W. Porter, III

Counsel for Petitioner
Admitted *pro hac vice*

cc: All counsel of record (via (CM/ECF)