**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION**

| | | |
|---|---|---|
| **THOMAS ROY HARRIS, JR., doing business as SPORTING ARMS COMPANY,** | ) ) ) ) | |
| **Petitioner,** | ) ) | |
| **v.** | ) ) | **Case No. 4:24-cv-00737-SDJ** |
| **KRISSY Y. CARLSON, in her official capacity as Director of Industry Operations, Dallas Field Division, Bureau of Alcohol, Tobacco, Firearms and Explosives,** | ) ) ) ) ) ) | |
| **Respondent.** | ) | |

**PETITIONER'S SUR-REPLY IN OPPOSITION TO RESPONDENT'S
<u>MOTION FOR SUMMARY JUDGMENT</u>**

Brian M. Gillett
   Texas Bar No. 24069785
BRADLEY ARANT BOULT CUMMINGS LLP
Fountain Place
1445 Ross Avenue, Suite 3600
Dallas, TX 75202
Phone: (214) 257-8700
Facsimile: (214) 939-8787
bgillett@bradley.com

James W. Porter, III
   *Admitted Pro Hac Vice*
   Alabama Bar No. 1704J66P
W. Chadwick Lamar, Jr.
   *Admitted Pro Hac Vice*
   Alabama Bar No. 4176M12Z
BRADLEY ARANT BOULT CUMMINGS LLP
1819 Fifth Avenue N.
Birmingham, AL 35203
Phone: (205) 521-8000
Facsimile: (205) 521-8800
jporter@bradley.com
clamar@bradley.com

*Counsel for Petitioner Thomas Roy Harris, Jr.,
doing business as Sporting Arms Company*

**TABLE OF CONTENTS**

**Page**

TABLE OF AUTHORITIES ......................................................................................................... ii

INTRODUCTION ...................................................................................................................... 1

ARGUMENT.............................................................................................................................. 1

    I.     ATF abandons its deference claim and fails to meet its burden under Rule 56...... 1

    II.    ATF relied on now-retracted misrepresentations of the record, and the actual evidence does not support ATF's motion for summary judgment. ....................... 3

    III.    ATF's efforts to rehabilitate Remley's and Koroly's credibility only serve to harden the genuine disputes of material fact and fail to justify its summary judgment motion. ...................................................................................................... 5

    IV.    ATF fails to refute that an adverse inference is appropriate. .................................. 7

    V.    ATF's post-hoc justifications are improper and nevertheless fail on their merits....................................................................................................................... 9

CONCLUSION........................................................................................................................ 10

CERTIFICATE OF SERVICE ................................................................................................ 12

i

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Biden v. Texas*,
   597 U.S. 785 (2022)..................................................................................................2

*Chamberlain v. Dry Dock Bar & Grill, Inc.*,
   2023 WL 4246069 (N.D. Miss. June 28, 2023)........................................................8

*In re Cowin*,
   492 B.R. 858 (S.D. Tex. Bankr. 2013) ....................................................................7

*F.D.I.C. v. Fidelity & Deposit Co. of Md.*,
   45 F.3d 969 (5th Cir. 1995) .....................................................................................8

*Fairmont Cash Management, L.L.C. v. James*,
   858 F.3d 356 (5th Cir. 2017) ...................................................................................2

*Heinsohn v. Carabin & Shaw, P.C.*,
   832 F.3d 224 (5th Cir. 2016) ...................................................................................3

*Keese v. Barbknecht Firm*,
   2022 WL 965399 (E.D. Tex. Mar. 30, 2022) ...........................................................2

*Koerner v. CMR Const. & Roofing, L.L.C.*,
   910 F.3d 221 (5th Cir. 2018) ...................................................................................3

*Rollins v. Home Depot, USA*,
   8 F.4th 393 (5th Cir. 2021) ......................................................................................2

*State Farm Life Ins. Co. v. Gutterman*,
   896 F.2d 116 (5th Cir. 1990) ...................................................................................8

*Texas v. Biden*,
   20 F.4th 928 (5th Cir. 2021) ....................................................................................2

*Thryv, Inc. v. NLRB*,
   102 F.4th 727 (5th Cir. 2024) ................................................................................10

*Waste Mgmt. of La., L.L.C. v. River Birch, Inc.*,
   920 F.3d 958 (5th Cir. 2019) .........................................................................3, 6, 8

**Statutes**

18 U.S.C. § 923..................................................................................................2, 10

ii

**INTRODUCTION**

ATF's reply brief confirms that its motion for summary judgment should be denied. ATF fails to respond at all to Harris's primary arguments. It abandons its request for deferential review, not even responding to Harris's demonstration that deference cannot apply here. Nor does ATF refute Harris's demonstration that there are genuine disputes of material fact. ATF ignores the evidence that matters most: Harris's evidence disputing ATF's narrative. ATF's motion for summary judgment should be summarily denied.

The arguments that ATF *does* make are wrong or beside the point. It tries to manufacture support in the Administrative Record with inaccurate representations that it has been forced to retract. It also attempts to rehabilitate Remley's and Koroly's credibility with irrelevancies and other heavily disputed assertions that only highlight that there are genuine disputes of material fact. It fails to offer a single reason why this Court should not make adverse inferences based on Remley's and Koroly's refusal to answer questions. And, unable to muster any support for the ATF's actual underlying findings, ATF continues to misconstrue the scope of the underlying decision and rely on post-hoc justifications that, in any event, fail on their merits. A rational fact-finder could—and should—conclude that Harris never violated the Gun Control Act. The Court should deny ATF's motion for summary judgment, set this case for an evidentiary hearing, and put an end to ATF's oppressive and unlawful actions.

**ARGUMENT**

**I.    ATF abandons its deference claim and fails to meet its burden under Rule 56.**

ATF's motion for summary judgment should be denied. It abandons deference but fails to refute that there are genuine disputes of material fact. Harris has shown that any deference would be improper under Section 923(f)(3) and Rule 56. (*See* Harris Resp., Dkt. #37 & #38). ATF responds only that "the Court need not resolve any standard of review dispute." (ATF Reply, Dkt.

1

#43 & #44, at 2). ATF forfeits deference by failing to justify it.[1] Nor could it. ATF must show that Harris willfully violated federal law beyond any genuine dispute of material fact.

ATF has not met its burden to show "that there is no genuine dispute as to any material fact and that [it] is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). It makes no effort to refute Harris's demonstration of genuine disputes of material fact. For example, ATF ignores:

███████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████

████████████ ATF has not met its burden to demonstrate that there are no fact disputes.

ATF contends that "the Court need not hold an evidentiary hearing" because a fact-finder could conclude that Harris knew about Remley's and Koroly's firearm-reselling scheme. (ATF Reply at 18–19). That argument might work under deferential review, but not under Section 923(f)(3) or Rule 56. Although the Fifth Circuit has observed that courts are "not required to hold an evidentiary hearing," it said so in a case where there were no genuine disputes of material fact. *Fairmont Cash Management, L.L.C. v. James*, 858 F.3d 356, 362–64 (5th Cir. 2017). Here, the material facts are strongly disputed. An evidentiary hearing is necessary.

---

[1] *See Texas v. Biden*, 20 F.4th 928, 961 (5th Cir. 2021) (explaining that "[t]he Government . . . forfeited the *Chevron* issue by failing to mention it in its brief"), *rev'd on other grounds*, *Biden v. Texas*, 597 U.S. 785 (2022); *Rollins v. Home Depot, USA*, 8 F.4th 393, 397 (5th Cir. 2021) (holding party forfeits argument "by failing to adequately brief the argument"); *see also Keese v. Barbknecht Firm*, 2022 WL 965399, at *2 n.1 (E.D. Tex. Mar. 30, 2022) (Jordan, J.) (similar).

ATF argues that, even where there are "credibility" disputes, courts "can still grant summary judgment where a dispositive pattern is evident in the record." (ATF Reply at 19). But the cases ATF cites do not remotely support this phantom rule (and Harris is otherwise unaware of any such rule). The only two decisions ATF cites stand for exactly the opposite; both reversed summary-judgment grants and remanded for trials to resolve credibility disputes. *Waste Mgmt. of La., L.L.C. v. River Birch, Inc.*, 920 F.3d 958, 973 (5th Cir. 2019); *Heinsohn v. Carabin & Shaw, P.C.*, 832 F.3d 224, 245–46 (5th Cir. 2016).

ATF does not and cannot deny that Harris's evidence "could . . . lead a rational trier-of-fact to find" that he never violated the Gun Control Act. *Koerner v. CMR Const. & Roofing, L.L.C.*, 910 F.3d 221, 227 (5th Cir. 2018). ATF's motion for summary judgment should be denied.

## II.    ATF relied on now-retracted misrepresentations of the record, and the actual evidence does not support ATF's motion for summary judgment.

ATF's reply brief originally made astounding claims that Harris transferred ███ firearms to Remley on ██████████, ████ firearms to Remley in total, and ████ firearms to Koroly in total. (ATF Reply at 18). It was a sudden attempt to manufacture an inference about Harris's knowledge based on wildly exaggerated numbers of his transfers. ATF retracted those dramatically inflated and wrong numbers through its motion for leave to amend its reply brief. (Dkt. ## 46–49). The real and correct numbers set forth in ATF's proposed amended reply brief do not suggest that Harris knew that Remley and Koroly were unlawfully reselling firearms.

*First*, ATF's original transfer numbers were not accurate. ██████████████

████████████████████████████

████████████████████████████

████████████████████████████

████████████████████████████

3

████████ ATF inflated the transaction f████████████████████████

████████ The same counting error caused ATF████████████████████

████████. In other words, ATF appears to have ████████████████

████████████████████████████████████████████████████████

████████████

ATF also inaccurately represented the number of firearms Harris transferred to Koroly.

████████████████████████████████████████████████████████

████████████████████. ATF misapplied Koroly's ████████████████

████████████████████████████████████. To the contrary,

Koroly testified that he acquired firearms from other dealers. (Ex. A to Harris Resp. at 43:12–22).

ATF argued that Harris's financial synopsis "conveniently omits" ████████████

████████████████████████████ (ATF Reply at 18). But that argument

was premised on ATF's inflated transfer numbers. The other deposits reflect Harris's profits from

other customers. Harris did not "omit" money he received from Remley. (AR157–163).

*Second*, ATF's amended transfer numbers do not support granting summary judgment to

ATF. ████████████████████████████████████████████████

████████████████████. (Harris Resp. at 5). ATF has no response. There is nothing so

extraordinary or unprecedented about Harris's volumes as compel a finding that Harris had to have

known of his customers' illegal reselling.  In other words, Harris's actual transfer volumes do not

even suggest that Harris knew they were unlawfully reselling firearms—much less compel such a

finding, as necessary to grant ATF's motion for summary judgment. These arguments are remnants

of ATF's now-retracted misstatements of the record. They have no merit.

4

ATF also says that Harris's "records contradict his own timeline" by ▮▮▮▮▮▮

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

▮▮▮▮▮▮ (ATF Reply at 18). Harris's hearing evidence only concerned the 46 firearms that ATF

alleged were unlawfully transferred. There was no need to discuss unrelated transactions.

The Court should reject ATF's arguments both in its original reply brief and its proposed

amended reply brief, which only confirm that there is no evidentiary support for ATF's motion for

summary judgment.

**III.    ATF's efforts to rehabilitate Remley's and Koroly's credibility only serve to harden the genuine disputes of material fact and fail to justify its summary judgment motion.**

Remley's and Koroly's lack of credibility is only one—among several—reasons to deny

ATF's motion for summary judgment. (*See* Harris Resp. at 15–28). Nevertheless, ATF's strained

efforts to rehabilitate their credibility do not support granting summary judgment.

***First***, ATF accuses Harris of "underdeliver[ing]" on examples of inconsistencies. (ATF

Reply at 3–5). Focusing on Remley's and Koroly's statements before and after they retained

counsel, ATF ignores the many inconsistencies and impossibilities detailed on pages 22–25 of

Harris's response brief. ATF never addresses Harris's testimony, ▮▮▮▮▮▮▮▮▮▮▮

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮.

These unaddressed inconsistencies preclude any reliance on Remley and Koroly.

***Second***, ATF argues that Remley and Koroly must be credible because they were ▮▮▮▮▮

▮▮▮▮▮▮▮▮▮▮. (ATF Reply at 5). It is untrue that Remley and Koroly necessarily would have

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ during their October 2022 interviews. (*Id.* at 7). This

5

Court must view all evidence "in the light most favorable to" Harris and draw all inferences in Harris's favor. *Waste Mgmt. of La.*, 920 F.3d at 964. It is reasonable to infer that Remley and Koroly tried to implicate Harris *if* and *when* ATF brought Harris up, so to make their accusations more believable. Any person, moreover, would feel reluctance before making false accusations against an innocent party. Even so, ███████████████████████████████████████████

███████████████████████████████████████████████████████████

████████████████████████████████████████████████

    ***Third***, ATF also regurgitates Remley's and Koroly's general accusations, without reinforcing them. (ATF Reply at 8–9). Harris has already shown that these accusations are heavily disputed and otherwise unreliable. (Harris Resp. at 22–25). A few merit further discussion. ATF says that Remley and Koroly ██████████████████████████████████. (ATF Reply at 9). But, at their depositions, Remley pleaded the Fifth Amendment and Koroly ███████████ ██████████████████████. (*See* Ex. A to Harris Resp. at 92:9–93:23; Ex. B to Harris Resp. at 85:15–17). ATF also repeats the speculative allegation that H████████████████████████. (ATF Reply at 9). But Koroly admitted that ████████████████████████████ ██████████████████████████.[2]

    ***Finally***, ATF argues that Harris must have known about Remley's and Koroly's reselling scheme because Remley and Koroly "had conversations" regarding "buying and reselling" "within earshot of" Harris. (ATF Reply at 10). But Koroly specifically admitted that he did not "know" whether "Harris overheard any such conversations," (Ex. A to Harris Resp. at 239:7–9), and indeed

---

[2] ███████████████████████████████████████████████████████ ███████████████████████████████████████████████████████ ███████████████████████████████████████████████████████ ████████████████████████████████████████ but Koroly's statements are rendered unreliable by his earlier admissions. In any event, Harris disputes each of them.

only "believe[d]" that Harris "could have heard the conversations," (*id.* at 216:23–217:2). ATF also overreads Koroly's testimony. Koroly did not unambiguously testify that he "discussed the purchase and resale of [Harris's] firearms" in Harris's presence. (ATF Reply at 10).[3] And Harris disputes any such knowledge. (Harris Resp. at 15–17).

## IV.    ATF fails to refute that an adverse inference is appropriate.

The Court should reject ATF's efforts to avoid an adverse inference. Koroly invoked the Fifth Amendment in response to pointed questions concerning whether Remley and he falsely accused Harris of misconduct. (Harris Resp. at 18–19). Remley—ATF's key witness—invoked the Fifth Amendment in response to virtually every single question, including as to whether he falsely accused Harris of misconduct. (*Id.* at 19–21). ATF tellingly does not rely on *any* of Remley's deposition testimony to support its summary-judgment arguments—because, of course, there is nothing to rely on. The Court should infer that their accusations against Harris are false.

*First*, it is not "unclear" what adverse inference Harris requests. (ATF Reply at 15–16). The Court should infer that Remley and Koroly lied each time they accused Harris of knowledge concerning their unlawful dealing, and each time they alleged any statement or conduct by Harris that they claim supported such knowledge. Courts have drawn similarly broad inferences. *In re Cowin*, 492 B.R. 858, 884–85 (S.D. Tex. Bankr. 2013) (drawing "adverse inference" for "virtually every question posed regarding the conspiracy" and inferring that the "testimony would have been damaging"). Harris is not asking the Court to "parse the entirety" of the record. (ATF Reply at 16).

---

[3] Koroly testified that they "would talk about, like, the [gun] shows and what's, like, going on." (Ex. A to Harris Resp. at 237:6–7). Then, when ATF's counsel asked "[a]nd what was going on at the shows was the sale of firearms, correct," Koroly answered "[y]es." (*Id.* at 237:8–10). But that is not clear testimony by Koroly (as suggested by ATF) that, within earshot of Harris, he discussed buying firearms from Harris and then reselling them at a gun show.

*Second*, the Court should reject ATF's argument that Remley and Koroly could have pleaded the Fifth Amendment to avoid "criminal exposure other than alleged lies to [ATF] and the Court." (ATF Reply at 13). At summary judgment, the Court must draw all inferences in Harris's favor, *Waste Mgmt. of La.*, 920 F.3d at 964, including that Remley and Koroly invoked the Fifth Amendment to avoid criminal exposure for their lies to ATF and the district court.

*Third*, Harris satisfies the requirement to show independent corroborating evidence. (ATF Reply at 11–12, 16). ATF, for its part, makes no effort to explain otherwise. Nor could it, given that Harris's evidence supports a rational finding that he never sold a firearm with knowledge that it would be unlawfully resold. (*See* Harris Resp. at 14–17, 22–25).

*Fourth*, ATF's objection that "some of [Harris's] questions at" Remley's and Koroly's depositions were "vague" is irrelevant. (ATF Reply at 13–14). There is no rule that an ambiguous question or response cannot justify an adverse inference; rather, the vague nature of Fifth Amendment invocations is just the rationale for requiring corroborating evidence. *See, e.g.*, *State Farm Life Ins. Co. v. Gutterman*, 896 F.2d 116, 119 n.3 (5th Cir. 1990). Nor does Remley's saying "[o]n advice of counsel" alter the result. *See Chamberlain v. Dry Dock Bar & Grill, Inc.*, 2023 WL 4246069, at *4–6 (N.D. Miss. June 28, 2023) (making inference despite "advice of my attorney" remark). In any event, Harris's questions were not vague. (Harris Resp. at 19–21).

*Fifth*, ATF ends with "policy" arguments about the "problem[s]" associated with inferring facts against a party based on a non-party's Fifth Amendment invocation. (ATF Reply at 16). But the Fifth Circuit has plainly authorized adverse inferences based on non-party testimony. *F.D.I.C. v. Fidelity & Deposit Co. of Md.*, 45 F.3d 969, 977 (5th Cir. 1995). Nor is ATF's argument about "parity" persuasive. (ATF Reply at 16). There is no parity here. The federal government has unlimited resources, while Harris has virtually none since ATF deprived him of his livelihood. The

8

federal government has exercised coercive control over Remley and Koroly—indeed, Remley admitted to "work[ing] a deal" with ATF while Koroly admitted doing whatever he could to appear cooperative. (AR164 (Remley); Ex. A to Harris Resp. at 117:20–25, 191:9–13, 196:12–201:11 (Koroly)). Harris has no such control. Further, ATF's assertion that Remley and Koroly could be invoking the Fifth Amendment to "spite" ATF is implausible, especially given that ATF overlooks their concerted effort to destroy Harris's business. In this civil-rights action concerning Harris's livelihood and decades-long property interest in his federal firearms license, Remley's and Koroly's accusations should be scrutinized sharply. For purposes of summary judgment, the Court should infer that they lied when they accused Harris of any knowledge of their crimes.

## V.    ATF's post-hoc justifications are improper and nevertheless fail on their merits.

ATF continues to peddle two post-hoc justifications that, among other things, demonstrate ATF's awareness that it cannot sustain Harris's revocation based on the theories pressed at the revocation hearing. The Court should reject ATF's post-hoc justifications.

ATF argues that it can justify Harris's revocation based on evidence that Harris aided and abetted Koroly's (in addition to Remley's) unlicensed dealing because "[n]either the ATF's Notice to Revoke nor the Hearing Officer's Findings and Conclusions confine Petitioner's unlawful sales to only Mr. Remley." (ATF Reply at 2). That argument fails twice over.

***First***,  (AR16 ¶ 4; Ex. A to Harris Resp. at 82:4–19). ATF's theory is factually impossible and irreconcilable with the course of proceedings.

9

***Second***, during the revocation hearing, ███████████████████████████████

███████████████████████████████████████████████████

███████████████████████████████████████████████████

██████████████████████████████████

To be sure, this Court "may consider . . . evidence" that was not "considered at the hearing." 18 U.S.C. § 923(f)(3). But ATF still must prove that Harris willfully violated the Gun Control Act based on the allegations and issues *presented to and decided by* ATF. *Thryv, Inc. v. NLRB*, 102 F.4th 727, 745 (5th Cir. 2024). There is no basis for freewheeling post-hoc justifications, and certainly not concerning firearms Harris transferred to Remley after Koroly stopped reselling firearms. In any event, Harris's evidence supports reasonable findings that he never sold a firearm with knowledge that Remley *or* Koroly intended to resell it.

Similarly, ATF's seed-inventory theory is an improper post-hoc justification. ATF found that Harris's testimony about 16 seed-inventory transfers "lack[ed] credibility." (AR567 ¶ 15). It did not consider—much less find—that Harris's seed-inventory sales involved false statements as a matter of law. ATF's theory also fails on its merits. Harris has made a detailed showing that nothing in federal law prohibited his seed-inventory sales or certification of the relevant Forms 4473. (Harris Resp. at 26–27, 29–30). ATF makes zero effort to refute that showing. All it offers is a conclusory statement that Harris "conceded the very fact that establishes the violations." (ATF Reply at 20). ATF, which is the federal agency that administers and enforces federal firearms laws, cannot point to a single authority to support its unprecedented application of the Gun Control Act because there is no such authority.

## CONCLUSION

For the foregoing reasons, the Court should deny ATF's motion for summary judgment.

10

Dated:  June 5, 2026                                        Respectfully submitted,


/s/ Brian M. Gillett                                        /s/ James W. Porter, III
Brian M. Gillett                                           James W. Porter, III
   Texas Bar No. 24069785                                 *Admitted Pro Hac Vice*
BRADLEY ARANT BOULT CUMMINGS LLP                              Alabama Bar No. 1704J66P
Fountain Place                                             W. Chadwick Lamar, Jr.
1445 Ross Avenue, Suite 3600                                  *Admitted Pro Hac Vice*
Dallas, TX 75202                                              Alabama Bar No. 4176M12Z
Phone: (214) 257-8700                                      BRADLEY ARANT BOULT CUMMINGS LLP
Facsimile: (214) 939-8787                                  1819 Fifth Avenue N.
bgillett@bradley.com                                       Birmingham, AL 35203
                                                           Phone: (205) 521-8000
                                                           Facsimile: (205) 521-8800
                                                           jporter@bradley.com
                                                           clamar@bradley.com

*Counsel for Petitioner Thomas Roy Harris, Jr.,*
*doing business as Sporting Arms Company*

11

## CERTIFICATE OF SERVICE

I hereby certify that, on June 5, 2026, the foregoing was served via electronic delivery through the CM/ECF system, which will forward copies to all counsel of record.

*/s/ Brian M. Gillett*
*Counsel for Petitioner*
