**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**

| | | |
|---|---|---|
| **THOMAS ROY HARRIS, JR., doing business as SPORTING ARMS COMPANY,** <br><br> **Petitioner,** <br><br> **v.** <br><br> **KRISSY Y. CARLSON, in her official capacity as Director of Industry Operations, Dallas Field Division, Bureau of Alcohol, Tobacco, Firearms and Explosives,** <br><br> **Respondent.** | ) | **Case No. 4:24-cv-00737-SDJ** <br><br> **OPPOSED** |

**RESPONDENT'S RESPONSE TO PETITIONER'S MOTION FOR LEAVE TO TAKE ADDITIONAL DEPOSITIONS**

Nearly two years ago, Petitioner filed his initial motion for additional discovery, but he made no mention of his alleged "critical" need to depose Agent Yost, Agent Loving, Agent Paulek, and Ms. Carlson. *See* ECF No. 11. [redacted] A.R. at 1, 18-27, 180. Now, Petitioner asserts a "critical" need for discovery.

[redacted] Respondent provided Petitioner with these recorded interviews. In his motion, Petitioner speculates that these depositions may lead to useful information. Fundamentally, Petitioner simply fails to demonstrate how additional depositions would yield any additional information that were not present in those [redacted] The Court should deny Petitioner's motion.

## BACKGROUND FACTS & PROCEDURAL POSTURE

***i. Petitioner's involvement in the criminal firearm resale scheme.***

[redacted] A.R. at 564–65.

[redacted] *See* A.R. at 18–19. [redacted] *Id.* [redacted] A.R. 14, 16. [redacted] *See id.* [redacted] *See id.*

[redacted] A.R. at 14. [redacted] A.R. at 16.

***ii. Investigation and prosecution.***

[redacted] *See, e.g.*, ECF No. 37, Ex. Ex. C - J. [redacted]. *Compare* ECF No. 37, Ex. E [redacted] *with id*. at [redacted]

[redacted] *with* ECF No. 37, Ex. D [redacted] *and id*. at [redacted]

After the conclusion of the criminal investigation, Remley and Koroly were convicted in this Court for engaging in the business of dealing in firearms without a license in violation of 18 U.S.C. § 921(a)(1)(A) after pleading guilty, on December 18, 2023, and September 27, 2023, respectively. *See United States v. Remley*, No. 4:23-cr-263 (E.D. Tex.); *United States v. Koroly*, No. 4:23-cr-221 (E.D. Tex.).

[redacted] *See* A.R. 198-99. While the Government chose not to prosecute Petitioner, [redacted]

***iii. Hearing***

[1] In his motion, Petitioner contends that he was "cleared of any wrongdoing." *See* ECF No. 57 at. 4; A.R. 210. This is a very generous reading of the underlying administrative record upon which he relies to support this characterization of the evidence. *See*. A.R. 210.

[redacted] *See* A.R. at 13, 306. [redacted] *See* A.R. at 306. [redacted] *See* A.R. at 307.

[redacted]. *See* A.R. at 18-27, 566. [redacted] *See id.*

[redacted] *See* A.R. at 567. [redacted] *See* A.R. at 567.

***iv. Procedural history***

On August 15, 2024, Petitioner filed suit. *See* ECF No. 1. On November 19, 2024, Respondent filed a motion for summary judgment. *See* ECF No. 10.

Nearly two years ago, on November 22, 2024, Petitioner filed a motion seeking additional discovery and to defer summary judgment. *See* ECF No. 11. In that motion, he sought to depose Remley and Koroly. *See id.* at 7-9. Despite his awareness of the agents' role in the investigation, he did not seek to depose them or Ms. Carlson. *See* ECF No. 11.

On December 10, 2024, in the Joint Report of Attorney Conference, Petitioner reported to the Court: "9. The identity of persons expected to be deposed Petitioner expects to depose Chris Remley and Lane Koroly. Petitioner requests permission to take two additional depositions in the event that additional interested persons are identified during discovery." ECF No. 13 at 9. Significantly, the Agents were not "identified during discovery," despite Petitioner's awareness of their involvement, as was Ms. Carlson, who presided over the revocation proceeding.

The Court partially granted Petitioner's motion and permitted Petitioner to depose Remley and Koroly. *See* ECF No. 28. The Court denied Petitioner's request for discovery on instructions to directors of industry operations and subpoenas to the Department of Justice concerning criminal proceedings. *See id*. Thereafter, Respondent supplied Petitioner with the Respondent's recorded interviews of Mr. Remley and Mr. Koroly. In April 2026, Petitioner deposed Mr. Remley and Mr. Koroly. Petitioner then filed a response to Respondent's motion for summary judgment. *See* ECF No. 37.

Nearly two years after his first request for additional discovery and several months after deposing Koroly and Remley, Petitioner asserts he now needs to depose additional witnesses. *See* ECF No. 56.

**ARGUMENT**

In the context of petitions for review brought under Section 923(f)(3), a district court may allow for additional discovery when it would be useful for resolving a pending summary-judgment motion. *See Crusader Gun Grp., L.L.C. v. James*, 118 F.4th 648, 654 (5th Cir. 2024) (quoting *Sapp v. Mem'l Hermann Healthcare Sys*., 406 F.App'x 866, 870 (5th Cir. 2010) (per curiam) ("Where discovery would not be useful to the resolution of a pending summary judgment motion presenting a question of law, it is not an abuse of discretion to grant such a motion to stay discovery." (citation modified))). Ultimately, "it is a court's own decision whether to receive evidence in addition to the administrative record." *Arwady Hand Trucks Sales, Inc. v. Vander Werf,* 507 F.Supp.2d 754, 758 (S.D. Tex. 2007).

Petitioner asserts that the witness depositions are "critical to the resolution of this case." ECF No. 57 at 2. This is an overstatement—depositions would not be useful.

***i. The Agents.***

Petitioner correctly asserts that [redacted] *Compare* ECF No. 57 at 3, *with* A.R. 172 [redacted]") (emphasis added). [redacted] which were recorded, produced to Petitioner, and used by Petitioner in his response to Respondent's motion for summary judgment. *See* ECF No. 37, Ex. C – J.

However, the remaining basis for the need to depose these agents is built on a generous reading of administrative record and evidence produced to Petitioner.

In what could be read as a cryptically vague allegation of a sub-rosa agreement, Petitioner asserted [redacted]. *See* ECF No. 57 at 3. Petitioner provided no further context or explanation for that statement. *See id*.

Notably, Petitioner completely omits any reference to the [redacted] that he possesses (and supplied to the Court) [redacted] *See* ECF No. 37, Ex. F (July 27, 2022 – Remley recorded interview) at [redacted]. He also failed to mention that Remley [redacted] and then ultimately pled guilty. At which, Remley was presumably expressly asked by the Court whether anyone had many promises to him outside the plea agreement; to which he presumably answered, "No" before being judged guilty. Instead, Petitioner cherry-picked a vague statement in the file, and then tried undermine Remley's credibility and the evidence against Petitioner. However, the administrative record as well as the

evidence previously supplied to Petitioner provides the context in which to understand this vague statement.

Petitioner attempts to further buttress this alleged need to depose Agent Loving and Agent Yost by asserting that they [redacted] *See id*. At best, this is a generous reading of the evidence underlying this assertion. *See* A.R. at 164. To support the proposition that Petitioner was [redacted] Petitioner points to a [redacted] In relevant part it provides:

> [redacted]

A.R. at 172.

Simply put, [redacted] criminal investigation concluded and the Government elected not to prosecute Petitioner. *See* A.R. at 172. Stated differently, Petitioner, [redacted] was not criminally prosecuted for his involvement in the underlying criminal scheme. *See* U.S. Dep't of Justice, Justice Manual § 9-27.220-Grounds for Commencing or Declining Prosecution ("The attorney for the government should commence or recommend federal prosecution if he/she believes that the person's conduct constitutes a federal offense, and that the admissible evidence will probably be sufficient to obtain and sustain a conviction, unless (1) the prosecution would serve no substantial federal interest; (2) the person is subject to effective prosecution in another jurisdiction; or (3) there exists an adequate non-criminal alternative to prosecution.")(emphasis added). However, this letter simply does not reflect that the Government asserted Mr. Harris was "cleared of any wrongdoing." *See also* *United States v. Benson*, 957 F.3d 218-236-37 (4th Cir. 2020)("And here, we conclude that

instruction accurately reflected the law because the state's decision not to prosecute did not make any fact material to the federal aiding and abetting charge more or less probable.”).

More fundamentally, Petitioner simply speculates that deposing Agent Yost and Agent Loving would yield anything useful for his case. While omitting any context, Petitioner points to two pieces of evidence in the file and then makes the leap that deposing Agent Loving and Agent Yost would yield useful information that undermines Remley’s and Koroly’s credibility.

How so? Petitioner’s motion is silent on this point.

As for Agent Paulek, Petitioner tethers this theory to Agent Paulek’s [redacted]

However, Petitioner fails to make any showing as to how Agent Paulek’s testimony would yield any different or additional information from Agent Paulek’s [redacted] Petitioner already possesses. [redacted] Nonetheless, Petitioner then makes the leap that deposing Agent Paulek “will” bolster Harris’s credibility and refute that Petitioner sold these firearms to Remley knowing Remley would then resell them for profit.

Petitioner also appears to assert that Agent Paulek’s testimony could be used as some form of character evidence for Petitioner. [redacted] From there, Agent Paulek could “bolster Harris’s credibility.” ECF No. 37 at 4. In other words, under Petitioner’s theory, because Petitioner is a complaint federal-firearms licensee it’s less likely he violated federal law. This is textbook, prohibited propensity evidence. *Compare*

F.R.E. 101(b)(1)("'civil case' means a civil action or proceeding.'")(emphasis added), *with* F.R.E. 404(a)(1)("Prohibited Uses. Evidence of a person's character or character trait is not admissible to prove that on a particular occasion the person acted in accordance with the character or trait.").

***ii. Ms. Carlson.***

Petitioner also seeks to depose the revocation hearing officer.

In support of this, Petitioner has attached a print-out of a CNN article discussing "how gun dealers with serious past violations" got their licenses back. *See* ECF No. 57, Ex. A. at 1. The article details an instance where a gun-shop owner sold firearms to an unlicensed felon who then resold those firearms at raffles. *See id*. at 2. The gun shop owner then "falsified records" to "hide the felon's role" in the resale scheme. *See id*. Due to this, the ATF revoked that gun-shop owner's firearm license, and according to the article, that felon is serving a 30-month federal sentence for illegal gun dealing. *See id*. at 11. According to the article, the gun shop owner was granted a new license. *See id*. at 12.

From this article, Petitioner asserts that deposing Ms. Carlson will unearth that the investigation into Petitioner (as well as Remley and Koroly) was the "product of political and policy agendas." *See* ECF No. 57 at 4. This is a far-fetched theory that ignores previously supplied evidence in the file.

Fundamentally, the ATF agents involved in this case sought to trace weapons trafficked inside and outside the United States and then subsequently used in violent crimes. *See Compare* ECF No. 37 at Ex. E([redacted] at [redacted], *with* ECF No. 37, Ex. D ([redacted]

Petitioner then attempts to buttress this argument with a citation to page 210 of the administrative record, from which Petitioner asserts: "Harris's evidence already shows that, after

originally being cleared of any wrongdoing, 'the ATF 'higher ups' decided to pursue revocation anyway." *See* ECF No. 57 at 4. Petitioner misapprehends the evidence in the administrative record. This exhibit [redacted] A.R. at 210, 309.

Simply put, this citation to the administrative record provides *zero* support for Petitioner's specific evidentiary allegation.

In sum, Petitioner's basis for deposing Ms. Carlson is a printout of a CNN article about unrelated FFL's getting their licenses renewed and a misreading of the administrative record. From there, Petitioner concocts the theory that Respondent revoked his FFL due to a "political and policy agenda[]." *See* ECF No. 57 at 4. This is simply far-fetched and refuted by the evidentiary supplied to Petitioner and to the Court.

***iii. Depositions—the wrong antidote.***

Petitioner further complains about [redacted] and evidentiary staleness. To cure this, Petitioner proposes deposing the Agents regarding interactions that occurred years ago. Petitioner fails to articulate how deposing [redacted] Furthermore, Petitioner completely fails to explain how any of this evidence would be more useful than any of the evidence previously supplied. [redacted] and these recorded interviews were supplied to Petitioner.

## CONCLUSION

For the foregoing reasons, Respondent requests this Court deny Petitioner's motion.

Dated: October 13, 2026

Respectfully submitted,

JAY R. COMBS

UNITED STATES ATTORNEY

*/s/ Daniel Gaffney*
DANIEL GAFFNEY
Assistant United States Attorney
EDTX Bar No. 5522212
NY Bar No. 5542212
101 East Park Blvd., Suite 500
Plano, Texas 75074
Telephone: (972) 423-2932
Fax: (972) 509-1209
Daniel.Gaffney2@usdoj.gov

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on October 13, 2026, the parties met and conferred regarding the above-captioned motion. Respondent opposes Petitioner's motion.

*/s/ Daniel Gaffney*
*AUSA*