**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**

| | | |
|---|---|---|
| **THOMAS ROY HARRIS, JR., doing business as SPORTING ARMS COMPANY,**<br><br>**Petitioner,**<br><br>**v.**<br><br>**KRISSY Y. CARLSON, in her official capacity as Director of Industry Operations, Dallas Field Division, Bureau of Alcohol, Tobacco, Firearms and Explosives,**<br><br>**Respondent.** | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | **Case No. 4:24-cv-00737-SDJ** |

**RESPONDENT'S SURREPLY TO PETITIONER'S REPLY TO RESPONDENT'S RESPONSE TO PETITIONER'S MOTION FOR LEAVE TO TAKE ADDITIONAL DEPOSITIONS**

Petitioner's current discovery request is not necessary. Worse, the information they apparently now frame as critical, should have been foreseeable on November 22, 2024, when they initially sought discovery, *see* ECF No. 11, and again when the Joint Report of Attorney Conference was filed on December 10, 2024, *see* ECF No. 13. Neither of these filings mentioned Agent Yost or Agent Loving ("the Agents") Industry Operations Investigator ("IOI") Paulek or Ms. Carlson. [redacted] Petitioner knew of their involvement in this case at the time he filed his motion for discovery. *Compare* ECF No. 11, *with* A.R. at 1, 18-27, 180.

[redacted]

In his motion for additional discovery, Petitioner telegraphed that he sought to question both

Remley and Koroly about their involvement in a criminal firearms resale scheme. [redacted]

Given the high probability that these depositions would be rife with Fifth Amendment invocations, the Agents, IOI Paulek and Ms. Carlson should have been requested in their initial motion for discovery and in the Joint Report of Attorney Conference. Of course, this assumes they were actually needed at all in the first place.

Instead, months after the summary judgment motions were filed, Petitioner apparently realized these additional depositions are now necessary. These depositions are unnecessary and the requests are late.

***1. Again, Petitioner fails to provide the Court context surrounding*** [redacted]

[redacted] In his initial motion and again in his reply,[1] [redacted]. This context is crystal clear in [redacted]

[redacted]. More specifically, the Agents had

[1] In Petitioner's reply, he also asserts that Mr. Harris [redacted]. *See* ECF No. 63 at 4 n. 2. [redacted] *See* A.R. at 311. [redacted]

[redacted]. Again, Petitioner has these [redacted]; and more to the point, Petitioner supplied these recordings to the Court. *See* ECF No. 38 at Ex. A – J.

Nonetheless, Petitioner hinges much of his request to depose the additional witnesses on [redacted]. According to Slade Turner, in late 2022, [redacted] From there, Petitioner asserts that Remley had an [redacted]. *See* ECF No. 63 at 3. Like in his initial motion, *see* ECF No. 57, Petitioner's reply also simply sidesteps the context surrounding this alleged statement, *see* ECF No. 63.

*a. There was not an actual "deal" between the Agents and Remley.*

As is completely apparent from the [redacted], beginning in July 2022, [redacted] *See* ECF No. 38 at Ex F – G. When listened to, the context surrounding the [redacted]. For example, on July 27, 2022, Agent Loving and Agent Yost told Remley:

> [redacted]
>
> . . .
>
> [redacted]

[redacted]

. . .

[redacted]

*See* ECF No. 37 at Ex. F 00:11:19 – 00:12:45, 00:14:02-00:15:06; 00:28:16-00:28:53.

On September 20, 2022, Agent Yost and Agent Loving [redacted].

At the outset, they said:

[redacted]

. . .

[redacted]

*See* ECF No. 37 at Ex. G at 00:00:00 – 00:01:11.

In short, there was not an [redacted] Instead, what is clear from the

[redacted].

Despite having this evidence for months and supplying it to the Court, Petitioner sidesteps this evidence in both his initial motion and reply. Instead, Petitioner has cherry-picked an [redacted]. While this factual theory is both creative and imaginative, it is not tethered to the lion's share of the evidence that Petitioner has supplied to the Court. In reality, there was no actual deal. [redacted]

*b. The Agents are unable to testify about Remley's perception of events.*

Petitioner also believes the Agents would be able to testify to Remley's *perception* of any agreement he had with the Agents. In other words, Petitioner appears to believe the Agents would be able to testify about Remley's thoughts about [redacted] Simply put, the Agents cannot read minds; therefore, they cannot testify regarding what Remley thought about his interactions with the Agents.

***2. Petitioner's late discovery request***

In addition to being unnecessary, this request for additional discovery is nearly two years late.

Now twenty-three months after their initial request for discovery, Petitioner suddenly has a need to depose the Agents, IOI Paulek and Ms. Carlson. Petitioner asserts these depositions are necessary because [redacted]

[redacted] *See* ECF No. 63 at 8. In short, they assert their testimony will fill in alleged gaps created during the depositions of Remley and Koroly.

First, this is not necessary because Petitioner has the [redacted]

Second, all of these issues were foreseeable on November 22, 2024. *See* ECF No. 11. For starters, Remley's and Koroly's [redacted], any purported need to depose the Agents and Ms. Carlson should have been apparent at the outset of litigation. Nothing unforeseeable has changed in twenty-three months.

The administrative record makes clear the Agents, IOI Paulek, and Ms. Carlson's involvement in this case. [redacted] *See* A.R. at 18-27. [redacted] Their involvement was readily apparent at the outset of litigation.

From the moment he filed his initial request for discovery nearly two years ago, Petitioner should have known that there was a high probability [redacted] *See* A.R. 14-17. [redacted] A.R. at 14, 16 (Emphasis added). Accordingly, Petitioner was on notice that Remley and Koroly could

certainly [redacted] *See id*. (Emphasis added).

Furthermore, in his initial request for discovery, Petitioner telegraphed that he knew he would depose Remley and Koroly regarding their involvement in these crimes. *See* ECF No. 11 at 7. It is unclear why he did not foresee their potential assertion of their Fifth Amendment rights and then a follow-on, alleged need to cure Remley's and Koroly's Fifth Amendment invocations.

In a footnote in his reply, *see* ECF No. 63 at 1 n. 2, Petitioner's attempts to address the untimeliness of this request. In short, Petitioner asserts that, when he filed a motion for additional discovery twenty-three months ago, he only requested those witnesses who were "absolutely necessary at that time." *See id*. Again, it is unclear why he did not anticipate [redacted]

Additionally, Petitioner does not address the representations he made in the Joint Report of Attorney Conference just weeks after he filed a motion for additional discovery. *Compare* ECF No. 11, *with* ECF No. 13 at 9. In that report, Petitioner represented: "9. The identity of persons expected to be deposed[.] Petitioner expects to depose Chris Remley and Lane Koroly. Petitioner requests permission to take two additional depositions in the event that additional interested persons are identified during discovery." He makes no mention of the Agents, IOI Paulek or Ms. Carlson.

Federal Rule of Civil Procedure 26(f)(3)(A) provides: "A discovery plan <u>must</u> state the parties' views and proposals on: . . . the subjects on which discovery may be needed, when

discovery should be completed, and whether discovery should be conducted in phases or be limited to or focused on particular issues." (Emphasis added).

All of the purported theories supporting his need for additional discovery existed in November 2024 or were foreseeable in 2024. Accordingly, these alleged needed areas of discovery should have been addressed in his motion for discovery as well as in the Joint Report of Attorney Conference—as required by Federal Rule of Civil Procedure 26(f)(3)(A). This apparent need was omitted.

***3. Petitioner does not provide a sound justification as to why additional depositions would "cure"*** [redacted]

Petitioner also offers a handful of reasons why he believes additional depositions would [redacted] *See* ECF No. 63 at 8. These reasons are speculative or were previously addressed by Court order, *see* ECF No. 28 at 10-11.

First, Petitioner asserts the requested witnesses could testify about Remley's and Koroly's "collaboration against Harris." Assuming arguendo that even happened, what evidentiary basis is there even suggesting that the ATF knew about an alleged scheme between Remley and Koroly against Harris? This is unclear from Petitioner's reply. The reply does not point to any evidence establishing the Agents' knowledge of this alleged "collaboration" between Remley and Koroly. In short, it appears Petitioner simply wants to probe the requested witnesses about whether they knew of this alleged collaboration and two, what they knew about it.

Second, Remley's and Koroly's motivations for accusing Petitioner of misconduct. Like Petitioner's request to depose Agent Loving regarding Remley's perceptions, this seems to be another exercise in probing the Agents about what Remley and Koroly thought. How would the Agents know what internally motivates these two witnesses? It is unclear, and Petitioner points

to zero evidence even suggesting the Agents or Ms. Carlson would have knowledge of Remley's and Koroly's internal motivations or thoughts.

Third, the interactions between the ATF and Remley and Koroly. [redacted] with Remley and Koroly. [redacted] that they are seeking to depose the witnesses about.

Fourth, "the process of obtaining those accusations from Remley and Koroly." It is not quite clear what Petitioner means by "process" here. However, he expands and says this includes any non-prosecution, sentencing, or leniency agreements. [redacted]

**CONCLUSION**

For the foregoing reasons, Respondent requests this Court deny Petitioner's motion.

Dated: October 30, 2026

Respectfully submitted,

JAY R. COMBS

UNITED STATES ATTORNEY

*<u>/s/ Daniel Gaffney</u>*
DANIEL GAFFNEY
Assistant United States Attorney
EDTX Bar No. 5522212
NY Bar No. 5542212
101 East Park Blvd., Suite 500

Plano, Texas 75074
Telephone: (972) 423-2932
Fax: (972) 509-1209
Daniel.Gaffney2@usdoj.gov

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on October 30, 2026, the parties met and conferred regarding the above-captioned motion. Respondent opposes Petitioner's motion.

*/s/ Daniel Gaffney*
*AUSA*